

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# SEC v. Black

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"SEC v. Black" (2008). *2008 Decisions.* Paper 1663.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1663

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1031
_____

SECURITIES AND EXCHANGE COMMISSION

v.

JOHN GARDNER BLACK; DEVON CAPITAL MANAGEMENT, INC.;
BANKRUPTCY ESTATE OF FINANCIAL MANAGEMENT SCIENCES, INC.

John Gardner Black,

Appellant

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 97-cv-02257)
Chief District Judge:  Hon. Donetta W. Ambrose

_____

Submitted under Third Circuit LAR 34.1(a)
September 7, 2007

Before:  BARRY, CHAGARES and ROTH,  Circuit Judges

(Opinion filed January 30, 2008)

_____

# OPINION

_____

**PER CURIAM**

Pro se Appellant John Gardner Black appeals from a District Court order denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b), to set aside the District Court orders in this case. We will affirm the District Court order denying Black's Rule 60(b) motion.

I.

Black controlled a registered management adviser, Devon Capital Management, Inc., whose primary clients were school districts and governmental entities. During the course of an investigation, the Securities and Exchange Commission ("SEC") determined that Devon had assets at materially inflated values. Furthermore, it determined that Devon and Black were concealing these losses from their clients by overvaluing a type of collateralized mortgage obligation. In 1997, the SEC brought this civil enforcement action against Black (along with Devon and Financial Management Sciences, Inc. "FMS"). The SEC sought to enjoin Black's illegal conduct, freeze assets, have Black disgorge any unlawfully obtained proceeds, and pay civil penalties. Ultimately, the District Court entered a permanent injunction as well as an order of disgorgement and civil penalties against Black.[1]

---

[1] A criminal action was also brought against Black. See United States v. Black, W.D. Pa. 99-cr-00203. After pleading guilty in January 2000, Black was sentenced to forty-one months imprisonment with three years supervised release. He was also ordered to pay $61,300,000 in restitution.

2

In December 2006, Black filed the Rule 60(b) motion giving rise to this appeal. In the motion, Black sought to set aside all of the District Court orders in this case. Specifically, Black stated that the SEC's civil complaint was fraudulent and misleading, and that the complaint failed "to disclose that Black's business practices were in compliance with and controlled by published Internal Revenue Service Regulations." (Mot. Set Aside 1) He also stated that all of the orders should be set aside because the District Court lacked subject matter jurisdiction. Specifically, Black asserted that the SEC "does not have jurisdiction to introduce a complaint in district court which does not allege a violation of securities laws nor plead the facts of those violations." (Appellant's Informal Br. 2).

We liberally construe Black's motion as filed pursuant to both Federal Rule of Civil Procedure 60(b)(3) and 60(b)(4). See, e.g., Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Federal Rule of Civil Procedure 60(b)(3) provides for relief from judgment where there has been "fraud . . . misrepresentation, or other misconduct of an adverse party." "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983)(citation omitted). Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if the "the judgment is void." Here, Black asserts that the judgment is void because the District Court lacked subject matter jurisdiction over the civil complaint. In the motion, Black asserted that the SEC failed to disclose that his practices were in accord with Internal Revenue Service regulation 26 C.F.R. § 1.148-5(d), and that the market value of the Collateralized Investment

3

Agreement ("CIA") was never misrepresented to its owners. The District Court denied the motion. Black timely filed a notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a denial of a motion filed pursuant to Federal Rule of Civil Procedure 60(b)(3) for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002)(citation omitted). The denial of a motion filed pursuant to Federal Rule of Civil Procedure 60(b)(4) is subject to plenary review. See Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986)(citation omitted). Furthermore, "a Rule 60(b) motion may not be used as a substitute for appeal, and, legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)(citations omitted).

## III.

Black's Rule 60(b) motion was properly denied. First, the District Court had subject matter jurisdiction over the civil complaint. See, e.g., 15 U.S.C. §§ 77t(b) and 77t(d); see also 28 U.S.C. § 1331. Second, Black did not state that the SEC's alleged misconduct prevented him from fully and fairly presenting these issues in his case initially. See Stridiron, 698 F.2d at 207. Furthermore, as we have previously stated, a Rule 60(b) motion cannot serve a substitute for a direct appeal. See Smith, 853 F.2d at 158. Therefore, we affirm the denial of the Rule 60(b) motion. Appellant's motion to disqualify the SEC's brief and for summary action is **denied**. Appellee's motion to supplement the record and to file a supplemental appendix is **denied** as moot.

4