**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1899
_____

SECURITIES & EXCHANGE COMMISSION

v.

JOHN GARDNER BLACK; DEVON CAPITAL MANAGEMENT INC; FINANCIAL
MANAGEMENT SCIENCES INC,

JOHN GARDNER BLACK,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 97-cv-02257)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2021
Before:  RESTREPO, PHIPPS and COWEN[1], Circuit Judges

(Opinion filed June 30, 2022)
_____

OPINION[*]

_____

[1] The Honorable Robert J. Cowen participated in the decision in this case.  Judge Cowen
assumed inactive status on April 1, 2022 after the submission date, but before the filing
of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. §
46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

John Gardner Black appeals from the District Court's order denying his motion to adjust a fine. For the reasons that follow, we will affirm the District Court's order.

The procedural history of this case and the details of Black's claims are well known to the parties and need not be discussed at length. Briefly, in 1997, the Securities and Exchange Commission filed a civil enforcement action against Black. Represented by counsel, Black consented to the entry of a permanent injunction as well as an order of disgorgement and civil penalty.

Despite settling the matter, Black has repeatedly challenged the orders to which he consented. Most recently, in March 2021, over twenty years after the settlement, Black filed a document titled "Motion to Adjust Fine to Comply with Statutes and Reduce Disgorgement." (It appears that the "fine" Black is referring to is the civil penalty of $500,000 that he agreed to). He argued that the fine was excessive, in violation of the Eighth Amendment. He suggested that a recent change to securities law would affect the valuation of the investments at issue. Under the new valuation, he contends that he was not unjustly enriched and that the order of disgorgement was void. The District Court denied the motion, noting that the case had been voluntarily settled. Black filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In his motion, Black did not provide any basis for reopening the District Court proceedings and changing the terms of the settlement he voluntarily entered into. Ehrheart v. Verizon Wireless, 609 F.3d 590,

595 (3d Cir. 2010) ("[C]hanges in the law after settlement do not affect the validity of the agreement and do not provide a legitimate basis for rescinding the settlement.")

On appeal, Black argues that the case was not settled "with informed consent" because the facts required to make an informed decision were not known to him until four years later in 2001. As noted by Appellee, he did not raise this issue in his motion in the District Court. We will consider an issue that was not raised in the District Court only in exceptional circumstances. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal."). There are no exceptional circumstances here.

Black also contends that portions of the complaint against him were never settled and that no final judgment was entered. Black, however, consented to entry of a final judgment, and there is nothing in the December 15, 1997 Order of Permanent Injunction or the April 29, 1998 Order of Disgorgement and Civil Penalties that suggests that any of the claims against him were not included in the judgment.[2]

---

[2] Black asserts that the Clerk of this Court issued a letter in 2001 stating that no final judgment had been entered. In the letter, a staff attorney simply asked the parties to address whether the order appealed was final. A motions panel of this Court declined to dismiss the appeal for lack of jurisdiction and referred the question of jurisdiction to a merits panel. Because the appeal was dismissed for failure to prosecute, the jurisdictional issue was not resolved in that appeal. In subsequently affirming the denial of a motion filed by Black pursuant to Fed. R. Civ. P. 60(b), we stated that we had jurisdiction over that appeal under 28 U.S.C. § 1291. S.E.C. v. Black, 262 F. App'x 360, 362 (3d Cir. 2008) (per curiam); see 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts.").

We need not address the details of Black's arguments regarding the valuation of the investments at issue. Black chose to settle the case rather than litigate the merits of the SEC's complaint against him. He cannot now reopen the matter and litigate the merits of the claims.

For the above reasons, we will affirm the judgment of the District Court. Appellant's motion to file a supplemental appendix and expand the record is denied.