OPINION OF THE COURT
NYGAARD, Circuit Judge.
I.
We focus in this appeal on the parameters of a district court’s role in reviewing class action settlements. The factual and procedural background is straightforward. The Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. § 1681 et seq., prohibits a seller from printing a receipt that displays more than the last five digits of a buyer’s credit or debit card and/or the expiration date of the credit or debit card. 15 U.S.C. § 1681c(g)(1). The Appellants claimed that Verizon Wireless violated these provisions and filed a class action lawsuit against the company.
The parties participated in court-ordered mediation, starting in January of 2008. During this time, legislation was pending before Congress — -the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. § 1681n(d) — which would amend FACTA by eliminating the Appellants’ cause of action. After completing mediation, the parties arrived at a settlement which they submitted to the District Court for approval pursuant to Fed. R.Civ.P. 23(e) on April 22, 2008. The District Court entered a preliminary order approving the settlement two days later.
The Clarification Act was signed into law by President Bush on June 3, 2008. Six days later, Verizon filed a motion asking the District Court to vacate its order granting preliminary approval to the settlement. The District Court granted this motion.[1] Verizon then moved for a judgment on the pleadings, which was granted on September 25, 2008. We will reverse.
II.
Federal Rule of Civil Procedure 23(e) requires a district court to approve any settlement of a certified class before the settlement becomes final. In evaluating a class action settlement under Rule 23(e), a district court determines whether the settlement is fundamentally fair, reasonable, and adequate. Id. The purpose of Rule *593 23(e) is to protect the unnamed members of the class from unjust or unfair settlements. See In re AT & T Corp., 455 F.3d 160, 175 (3d Cir.2006) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 231 (3d Cir.2001)). Here, the District Court never considered whether to approve the settlement because, citing the Clarification Act, the court vacated its preliminary approval.
In vacating its order granting preliminary approval to the settlement, the District Court lost sight of three important points that guide our decision today. First, there is a restricted, tightly focused role that Rule 23 prescribes for district courts, requiring them to act as fiduciaries for the absent class members, but that does not vest them with broad powers to intrude upon the parties’ bargain. Second, a strong public policy exists, which is particularly muscular in class action suits, favoring settlement of disputes, finality of judgments and the termination of litigation. Third, our jurisprudence holds that changes in the law after a settlement is reached do not provide ground for rescission of the settlement.[2]
A. Appropriate Role of the District Court
Under Fed.R.Civ.P. 23(e), a district court’s primary role is to determine whether the settlement is fundamentally fair, reasonable and adequate. In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 258 (3d Cir.2009). The purpose of Rule 23(e) is to protect the unnamed members of the class. In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 534 (3d Cir. 2004). Under Rule 23(e), a district court acts as a fiduciary, guarding the claims and rights of the absent class members. In re AT & T, 455 F.3d at 175 (citing In re Cendant Corp. Litig., 264 F.3d at 231); see also, In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig., 55 F.3d 768, 782 (3d Cir.1995).
The requirement that a district court review and approve a class action settlement before it binds all class members does not affect the binding nature of the parties’ underlying agreement. In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir.2008). Put another way, judicial approval of a class action settlement is a condition subsequent to the contract and does not affect the legality of the proposed settlement agreement. Collins v. Thompson, 679 F.2d 168, 172 (9th Cir.1982). A district court is not a party to the settlement, nor may it modify the terms of a voluntary settlement agreement between parties. In Evans v. Jeff D., 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), the Supreme Court explained the role of a district court in reviewing settlements in class actions:
Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.
Id. at 726-27, 106 S.Ct. 1531 (footnotes omitted). Similarly, our role as an appellate court is to ascertain whether or not the trial judge clearly abused his or her discretion in approving or rejecting a settlement agreement. See GM Truck, 55 F.3d at 782; Cotton v. Hinton, 559 F.2d 1326, 1333 (5th Cir.1977).
*594 We have no doubt that the settlement agreement reached in this case is a binding and enforceable contract under general principles of contract interpretation. The settlement agreement was negotiated through and executed by experienced counsel on both sides, following mediation with a well-respected and experienced mediator. The parties acknowledged to the District Court that the agreement was negotiated in good faith and at arm’s length. Verizon admits no wrongdoing in the settlement agreement and denies all liability, but agreed to the settlement after taking into account the uncertainty and risks inherent in any litigation, especially in multiparty cases like this litigation.
Post-settlement, Verizon made the argument, which was endorsed by the District Court, that a settlement agreement is not a binding contract until final judicial approval. This is incorrect. There are two steps in reaching a settlement in a class action. First, the parties reach an agreed-to settlement. Second, the District Court evaluates the agreement as a fiduciary for absent class members. In re Ins. Brokerage Antitrust Litig., 579 F.3d at 257. The reason for judicial approval is to ensure that other unrepresented parties (absent class members) and the public interest are fairly treated by the settlement reached between the class representatives and the defendants. Collins, 679 F.2d at 172. Here, the District Court’s own local rules specifically establish this fiduciary relationship by requiring parties to class action settlements to give the court “sufficient information for the Court to make findings with respect to the fairness and reasonableness of the settlement to the class.” Local Rule of the United States District Court for the Western District of Pennsylvania 23(i) (emphasis added). We make clear that this fiduciary protection does not extend to defendants in a class action, who are in a position to protect their own interests during negotiations. See Ibarra v. Texas Employment Comm’n, 823 F.2d 873, 878 (5th Cir. 1987).
If Verizon’s argument was accepted, and the District Court’s action in vacating its preliminary approval affirmed, the settlement process would become meaningless since either party to a class action settlement (or any other type of settlement that requires court approval) could back out of an agreement at any time before court approval and avoid any legal repercussions for breaching the earlier offer and acceptance. Here, the Clarification Act was pending before Congress when the parties negotiated their agreement. In negotiating this agreement, Verizon bet on the certainty of settlement instead of gambling on the uncertainties of fixture legislative action. Verizon lost, and the District Court erred by letting it replay its hand.
B. Presumption in Favor of Settlements
The District Court’s decision also ran afoul of the strong presumption in favor of voluntary settlement agreements, which we have explicitly recognized with approval. See, e.g., Pennwalt Corp. v. Plough, 676 F.2d 77, 79-80 (3d Cir.1982). This policy is also evident in the Federal Rules of Civil Procedure and the District Court’s Local Rules, which encourage facilitating the settlement of cases. See, e.g., Fed.R.Civ.P. 16(a)(5) (one of the five purposes of a pretrial conference is to facilitate settlement); L.Cv.R. 16.2(B) (recognizing the burden litigation places on parties and mandating that they utilize a broad range of court-sponsored ADR processes); L.Cv.R. 23(C)(5) (including among matters to be discussed at pretrial conference the timing and plan for methods of alternative dispute resolution). *595 This presumption is especially strong in “class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.” GM Truck, 55 F.3d at 784. The strong judicial policy in favor of class action settlement contemplates a circumscribed role for the district courts in settlement review and approval proceedings. This policy also ties into the strong policy favoring the finality of judgments and the termination of litigation. Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts. See D.R. by M.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 901 (3d Cir.1997). In addition to the conservation of judicial resources, the parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial. Id. By vacating its preliminary approval of the settlement and by granting Verizon a judgment on the pleadings, the District Court permitted Verizon to void its settlement agreement when it became unpalatable and digressed from the federal policy of encouraging class action settlement agreements.
C. Changes in the Law after Settlement
The parties do not dispute on appeal (nor did they before the District Court) that the Clarification Act eliminated the Appellants’ cause of action or that the Act retroactively encompasses the Appellants’ claims. The question on appeal, therefore, is not whether the Clarification Act, enacted earlier, would have eliminated Appellants’ underlying claims, but rather whether the Act moots the settlement agreement the parties executed while that legislation was pending in Congress. We conclude that it does not.
We first note that changes in the law after settlement do not affect the validity of the agreement and do not provide a legitimate basis for rescinding the settlement. Albeit in the context of a Fed.R.Civ.P. 60(b) motion, we have held that a favorable change in the law post-settlement does not give a settling party a basis to repudiate an otherwise valid settlement agreement. Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002); see also Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997,138 L.Ed.2d 391 (1997) (observing that “intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)”); Kramer v. Gates, 481 F.3d 788, 792 (D.C.Cir.2007). Of particular concern in Coltec was the belief that the company was attempting to escape the consequences of a bargain it regretted in hindsight. Id. We noted that “even if Coltec’s decision to settle was improvident in hindsight, the decision has been made and cannot be revisited,” and held that the company must bear “the consequences of its informed, counseled and voluntary decision” to settle. Id. at 275.
In Coltec, we analogized a litigant’s decision to settle to a determination not to appeal an unfavorable determination. Id. at 274. We found such decisions, when voluntarily made, to be calculated and deliberate choices by a litigant, choices which provide no relief when the legal landscape subsequently changes. Id. (citing Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950)). Like a decision to forgo an appeal, the decision to settle a case is a considered one. The choice to settle implicitly acknowledges calculated risks and, in the end, reflects the deliberate decision of both parties to opt for certainty in terminating their litigation. See Ackermann, 340 U.S. at 198, 71 S.Ct. 209. We will not relieve a party of that decision because hindsight reveals *596 that its decision was, given later changes in the law, probably wrong. Id. The District Court erred by permitting Verizon to escape the consequences of its informed, counseled and voluntary decision to settle. Later changes in the law gave it no foundation to do so. See Coltec, 280 F.3d at 275.
It is essential that the parties to class action settlements have complete assurance that a settlement agreement is binding once it is reached. See In re Syncor; 516 F.3d at 1100 (citing Collins, 679 F.2d at 172). The fact that a settlement agreement is governed by Rule 23 does not diminish its enforceability as a contract. Where, as here, the parties have executed an agreement, a party cannot avoid its independent contractual obligations simply because a change in the law confers upon it a benefit that could have altered the settlement calculus.
Our dissenting colleague believes that the passage of the Clarification Act rendered the settlement agreement moot. We do not agree. Mootness asks “whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.” Artway v. Att’y Gen. of State of N.J., 81 F.3d 1235, 1246 (3d Cir.1996) (quotations and citations omitted). This reflects the current posture of the case. See also Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (“Mootness has been described as ‘the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)’ ” (quoting United States Parole Comm’n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)) (additional citation omitted).).
Viewing this case for mootness, we conclude that the doctrine does not apply. “[A] case is moot when the issues presented are no longer ‘live’ or the parties lack a legally cognizable interest in the outcome.” Donovan ex. rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir.2003) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). “The mootness doctrine is centrally concerned with the court’s ability to grant effective relief: ‘If developments occur during the course of adjudication that eliminate a plaintiffs personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.’ ” County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir.2001) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir.1996)). We find nothing in the Clarification Act that would moot the parties’ settlement agreement. Further, the fact that the settlement agreement is a class action settlement governed by Rule 23 does not affect the enforceability of the agreement as a binding contract. The parties executed the agreement with the understanding that intervening events could affect their interests in the litigation. See, e.g., Taylor v. Gordon Flesch Co., 793 F.2d 858, 863 (7th Cir.1986) (citing Glass v. Rock Island Refining Corp., 788 F.2d 450 (7th Cir.1986)).
Further, the Clarification Act did not change the District Court’s ability to grant effective relief. The Appellants still had a “personal stake in the outcome” — the settlement agreement — and the District Court continued to possess the ability and the authority to approve the settlement. See Old Bridge Owners Coop. Corp. v. Twp. of Old Bridge, 246 F.3d 310, 314 (3d Cir.2001). Assuming on remand the District Court finds the settlement fair, adequate and reasonable to absent class *597 members, the District Court can grant complete relief by entering judgment on the settlement agreement. Thus, the Clarification Act does not render the settlement moot.
III.
In sum, we will reverse the District Court’s judgment on the pleadings and remand this matter with instructions for it to reinstate its preliminary approval of the settlement agreement and to proceed with the Rule 23 process.

. We note that in other almost identical cases, district judges within this Circuit have denied requests to set aside FACTA settlements after passage of the Clarification Act. See Colella v. Univ. of Pittsburgh, 569 F.Supp.2d 525 (W.D.Pa.2008); Hughes v. InMotion Entertainment, 2008 WL 3889725 (W.D.Pa. Aug. 18, 2008); Curiale v. Lenox Group Inc., 2008 WL 4899474 (E.D.Pa. Nov. 14, 2008).

. We exercise plenary review when reviewing a district court’s grant of judgment on the pleadings. Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir.1988). We also exercise plenary review in construing and constructing a settlement agreement. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir.2002).