NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2629
_____

JOSEPH RIZZO,

*Appellant*

v.

ROBERT CONNELL, INDIVIDUALLY AND AS AN AGENT OF THE NEW JERSEY
BUREAU OF WATER MONITORING AND STANDARDS; MARK MAURIELLO,
INDIVIDUALLY AND AS ACTING COMMISSIONER OF THE NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL PROTECTION; SCOTT BRUBAKER,
INDIVDUALLY AND AS ASSISTANT COMMISSIONER OF LAND USE
MANAGEMENT; NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION; AMY CRADIC, INDIVDUALLY AND AS DEPUTY
COMMISSIONER OF NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION; JAMES W. JOSEPH, INDIVIDUALLY AND AS CHIEF OF THE
NEW JERSEYBUREAU OF SHELLFISHERIES; ROBERT FOCCA, INDIVIDUALLY
AND AS A FORMER EMPLOYEE OF THE STATE OF NEW JERSEY
DEPARTMENT OF HEALTH AND SENIOR SERVICES; LESLIE J. MCGEORGE,
INDIVIDUALLY AND AS ADMINISTRATOR OF THE STATE OF NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL PROTECTION WATER MONITORING
AND STANDARDS; JOHN DOES 1-20, INDIVUALLY AND AS AGENTS AND
EMPLOYEES OF THE STATE OF NEW JERSEY DEPARTMENT OF HEALTH AND
HUMAN SERVICES AND THE NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION; THOMAS A. FOCA, INDIVIDUALLY AND AS
A FORMER EMPLOYEE OF THE STATE OF NEW JERSEY DEPARTMENT OF
HEALTH AND SENIOR SERVICES

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3:10-CV-04136)
District Judge: Honorable Anne E. Thompson
_____

Before: McKEE, *Chief Judge*, SMITH and GREENAWAY, JR., *Circuit Judges*

(Filed:  April 17, 2013)

_____

OPINION
_____

McKEE, *Chief Judge*

Joseph Rizzo appeals from the District Court's order denying his motion for relief from a final judgment.  We will affirm.[1]

## I.

Because we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history.[2]

Rizzo conceded that his claims against the defendants in their official capacities are barred under the Eleventh Amendment.  Accordingly, the Court granted judgment in favor of the defendants in their official capacities.  Fed. R. Civ. P. 12(c); *Rizzo v. Connell, Jr., et al.*, No. 10-4136, 2012 WL 32206, at *2 (D.N.J. Jan. 5, 2012).  In doing so, the Court also held that the remaining claims cannot succeed because the defendants are entitled to qualified immunity insofar as Rizzo alleges they were acting in their

---

[1]  A denial of a motion for reconsideration under Rule 59(e) is reviewed for an abuse of

[2]  The District Court had jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

individual capacities. *See id.* at *11. Thereafter, the Court denied Rizzo's Rule 59(e) motion for reconsideration, and this appeal followed.

Qualified immunity applies if (1) the facts do not establish the violation of a constitutional right, or (2) the right at issue is not "clearly established" at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Kelly v. Borough of Carlisle*, 622 F.3d 248, 254 (3d Cir. 2010) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." (internal quotations omitted)).

The District Court carefully and thoroughly explained its basis for concluding that Rizzo could not establish that his constitutional rights were violated by any actions of the defendants acting in their individual capacities. *See Rizzo*, 2012 WL 32206, at *3-11. We will affirm substantially for the reasons set forth by the District Court. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right."); *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (holding that qualified immunity protected state officials who were enforcing a statute that imposed restrictions on livestock ranching practices).

Accordingly, we will affirm the District Court's order denying reconsideration of its grant of judgment on the pleadings.