**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2329
_____

DEREK A. CAPOZZI,

Appellant

v.

WARDEN BRYAN BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00206)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2014

Before: SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 28, 2014)
_____

OPINION
_____

PER CURIAM

Federal prisoner Derek Capozzi appeals pro se from the District Court's dismissal

of his habeas petition and subsequent denial of his motion for reconsideration.  For the

reasons that follow, we will vacate those two orders and remand with instructions to

dismiss this case as moot.

I.

In 2009, the Bureau of Prisons ("BOP") placed Capozzi, who is serving a lengthy prison sentence,[1] in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). According to BOP Program Statement 5217.01, "SMU designation is non-punitive" and may be considered for certain inmates "where greater management of their interaction is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public." BOP Program Statement 5217.01 § 1. Inmates who are placed in the SMU "are expected to complete the four-level SMU program in 18 to 24 months, at which time they may be redesignated to an appropriate facility." Id.; see id. § 6 (describing the four levels of the program). If an inmate is not recommended for redesignation from SMU status after 24 months, the BOP Regional Director may approve continued SMU designation. Id. § 8(b). "If an inmate continues to exhibit disruptive conduct after 6 additional months in the SMU, the inmate may be referred for designation to another appropriate facility, consistent with the orderly running and operations of [BOP] institutions." Id. § 8(c).

In early 2012, Capozzi commenced this action by filing a pro se habeas petition in the District Court pursuant to 28 U.S.C. § 2241. He claimed that, because the SMU is the "functional equivalent" of the BOP's "control unit" that is described in 28 C.F.R. § 541.40 et seq., the BOP's implementation of the SMU program via program statement, rather than by regulation, violated the Due Process Clause, the separation of powers

doctrine, and the Administrative Procedure Act.[2]  In light of these allegations, Capozzi

sought an order "directing the respondent and any other B.O.P[.] officials to remove him

from any and all SMU-based programs unless and until he is provided a full (re)hearing

in compliance with 28 CFR § 541 (Control Units) . . . and the SMU [p]olicy is properly

promulgated under the APA."  (Habeas Pet. 18.)  As an alternative to habeas relief, he

asked that his petition be treated as a request for declaratory relief.

The District Court referred Capozzi's petition to a United States Magistrate Judge,

who recommended that the petition be denied because Capozzi's claims were not

properly brought in a habeas petition.  Shortly thereafter, Capozzi notified the court that

he had been transferred to the BOP's Administrative Maximum facility ("ADMAX") in

Florence, Colorado.  Later, on January 30, 2013, the District Court issued a memorandum

order addressing Capozzi's petition.  The court agreed with the Magistrate Judge that a

habeas petition was not the proper vehicle for bringing Capozzi's claims.  The court also

concluded that it "lacks a separate, independent basis to exercise jurisdiction over [his]

claims." (Dist. Ct. Mem. Order entered Jan. 30, 2013, at 3.)  As a result, the court

dismissed the petition without prejudice to Capozzi's ability to raise his claims in a civil

rights action.  On April 22, 2013, the court denied his timely-filed motion for

reconsideration.

---

[1] His projected release date is in 2050.
[2] Although Capozzi amended his petition to add a claim challenging the BOP's decision
to continue his SMU placement for another year, he does not pursue that claim here.  (See
Appellant's Opening Br. 27.)

Capozzi now seeks review of these two District Court orders.[3]

## II.

The Government argues that this case is moot under Article III of the Constitution in light of Capozzi's transfer out of the SMU.  Because mootness implicates our jurisdiction, we must resolve this issue before we can proceed to the merits of this appeal. See United States v. Grape, 549 F.3d 591, 597 (3d Cir. 2008).[4]

"Mootness asks whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010) (internal quotation marks omitted).  "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Id. (quotation marks omitted).  That said, under the "capable of repetition" exception to the mootness doctrine,

> a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."

---

[3] In neither of these decisions did the court make note of Capozzi's transfer from USP-Lewisburg's SMU to ADMAX.

[4] Although the Government did not raise the issue of mootness in the proceedings before the District Court, that issue cannot be waived.  See Brown v. Phila. Hous. Auth., 350 F.3d 338, 346 (3d Cir. 2003).

4

Rendell v. Rumsfeld, 484 F.3d 236, 241 (3d Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).  This exception "is narrow and available 'only in exceptional situations.'"  Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)).

As noted above, Capozzi's petition asked that he be removed from all SMU-based programs or, in the alternative, be awarded declaratory relief.  Both of these requests are now technically moot, for he is no longer in the SMU and he cannot obtain declaratory relief for past alleged wrongs.  See CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013) (explaining that a declaratory judgment is "prospective in nature").  In an attempt to avoid dismissal on mootness grounds, Capozzi argues that the "capable of repetition" exception applies here.  We consider that argument below.

In discussing the "capable of repetition" exception, Capozzi states that he did not complete the four-step SMU program, and that he was transferred from USP-Lewisburg's SMU to ADMAX because he briefly escaped from USP-Lewisburg in 2010.  He claims that he "still meets the criteria for designation to a SMU [and] will be referred for redesignation thereto upon satisfaction of the BOP for [his] escape conduct being mitigated via his [ADMAX] placement."  (Appellant's Reply Br. 8 (internal quotation marks omitted).)  But Capozzi has not presented any evidence indicating that the BOP actually intends to return him to the SMU.  Nor has he demonstrated that similarly situated inmates who failed to complete the SMU program were later returned to the SMU.  Because Capozzi's attempt to invoke the "capable of repetition" exception is based on mere conjecture, we cannot conclude that this narrow exception applies here.

5

See McNair v. Synapse Group Inc., 672 F.3d 213, 226 (3d Cir. 2012); see also OSHA Data/CIH, Inc. v. U.S. Dep't of Labor, 220 F.3d 153, 169 (3d Cir. 2000) (concluding that party seeking to invoke "capable of repetition" exception had failed to establish that this exception applied to its case).[5]  Nor are we convinced that any of the other exceptions to the doctrine of mootness apply here.  See Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001) (identifying the other exceptions).

In light of the above, we will vacate the two District Court orders at issue here and remand with instructions to dismiss this case as moot.  See N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 34 (3d Cir. 1985).  We note that nothing in our decision here prevents Capozzi from filing a new action in the appropriate court if he ultimately is returned to the SMU.  We take no position on his likelihood of prevailing in such an action.

---

[5] To the extent that Capozzi seeks further briefing and/or further development of the record regarding the applicability of this exception, that request is denied.