**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1285
_____

RAYMOND EDWARD CHESTNUT,
                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-01512)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2015

Before: RENDELL, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

　　　Appellant Raymond Edward Chestnut, a federal prisoner, appeals an order of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court dismissing as moot his petition for writ of habeas corpus. For the following reasons, we will affirm.

In 2007, while Chestnut was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina, he was issued an incident report charging him with assault without injury, refusing to obey an order, and insolence toward staff. A Disciplinary Hearing Officer (DHO) found Chestnut guilty of each offense and imposed sanctions that included the disallowance of 40 days of good conduct time.

In June 2013, Chestnut filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (where he was then incarcerated), alleging that his due process rights were violated during the disciplinary proceedings. He sought only to have his good conduct time restored. In response, the Government argued that the petition should be dismissed as moot because the "DHO reviewed his decision and expunged Chestnut's Incident Report . . . ."[1] The District Court agreed, holding that "Chestnut's petition for writ of habeas corpus has been rendered moot by virtue of the

---

[1] As support for this assertion, the Government provided a record of Chestnut's disciplinary history. That record indicates that his good conduct time increased by 40 days, from 62 (as of August 21, 2013) to 102 (as of August 28, 2013). According to the Government, Chestnut's release date changed by only 35 days based on the formula used for calculating good conduct time. See O'Donald v. Johns, 402 F.3d 172, 173 (3d Cir. 2005) (stating that "BOP utilizes a formula for calculating GCT which takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded GCT").

expungement of the incident report and the restoration of his good conduct time."

Chestnut appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's mootness determination is plenary. United States v. Gov't of V.I., 363 F.3d 276, 284 (3d Cir. 2004).

The federal courts may adjudicate "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). The "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis, 494 U.S. at 477-78. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Chestnut's personal stake in the outcome disappeared after he filed his § 2241 petition when the DHO expunged the incident report and restored his good conduct time. The District Court was unable to fashion any form of meaningful relief and thus, whether or not Chestnut's due process rights were violated (and we do not suggest that they were), the case became moot. See Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010).

3

For the foregoing reasons, we will affirm the District Court order dismissing Chestnut's case as moot.