RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0287p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

_____

WILLIAM WHITLOCK; DAVID SKYRM; KRISTIN MOORE; HOLLY GOODMAN; GARY MUNCY; MICHAEL BROWN,

*Plaintiffs-Appellees,*

*v.*

No. 16-5086

FSL MANAGEMENT, LLC; ENTERTAINMENT CONCEPTS INVESTORS SERVICES, LLC; CORDISH OPERATING VENTURES, LLC; ENTERTAINMENT CONSULTING SERVICES, LLC; FSH MANAGEMENT, LLC,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:10-cv-00562—Joseph H. McKinley, Jr., Chief District Judge.

Argued: October 20, 2016

Decided and Filed: December 14, 2016

Before: GUY, BOGGS, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Clark C. Johnson, STITES & HARBISON PLLC, Louisville, Kentucky, for Appellants. Michele D. Henry, CRAIG HENRY PLC, Louisville, Kentucky, for Appellees. **ON BRIEF:** Clark C. Johnson, Chadwick A. McTighe, Jeffrey S. Moad, STITES & HARBISON PLLC, Louisville, Kentucky, for Appellants. Michele D. Henry, CRAIG HENRY PLC, Louisville, Kentucky, for Appellees.

1

---

**OPINION**

---

BOGGS, Circuit Judge. This appeal arises out of a class certification and a court-approved class-action settlement. The defendants-appellants, who were parties to the settlement, challenge both of these determinations, arguing that because the underlying Kentucky state-law cause of action does not support class relief, the district court was required to reject the settlement and decertify the class. Whatever the substance of Kentucky state law, a point which this court need not decide here, we hold that it does not affect the ability of the district court to enforce a binding settlement agreement. For this reason, we affirm the decision of the district court and uphold the disputed settlement agreement.

I

A

In 2010, plaintiffs William Whitlock, David Skyrm, James Middleton, and Kristin Moore brought suit in Kentucky state court against the defendants, FSL Management, LLC, Entertainment Concepts Investors, LLC, and Cordish Operating Ventures, LLC. The plaintiffs were former employees of various establishments that operate in "Fourth Street Live," an entertainment district located in downtown Louisville, KY that was managed by the defendants. The plaintiffs individually alleged violations of the Kentucky Wage and Hour Act, KRS § 337.385, against the defendants for their policies regarding off-the-clock work and mandatory tip-pooling. Citing proper diversity jurisdiction, defendants removed the action to federal court, whereupon the plaintiffs amended their complaint to include an additional defendant and to seek relief as a class. The court granted leave for the plaintiffs to amend their complaint, and the litigation proceeded as a class-action suit.

In 2012, the district court granted class certification to the plaintiffs, finding that they had both met the requirements of Rule 23(a) and fell within one of the enumerated subcategories of Rule 23(b). The defendants successfully stayed the class-action litigation while they pursued interlocutory review in this court, but their petition for review was denied. *In re FSL Mgmt.,*

*LLC*, No. 12-0509 (6th Cir. Jan 31, 2013). In April 2013, the defendants filed a motion in the district court to reconsider its prior order certifying the class. Specifically, the defendants argued that the Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), coupled with its decision to vacate two related class-certification orders, *see In re Whirlpool Corp. Front-Loading Washer Products Liability Lit.*, 678 F.3d 409 (6th Cir. 2012), *vacated and remanded*, 133 S. Ct. 1722 (Apr. 1, 2013); *Ross v. RBS Citizens, N.A.*, 667 F.3d 900 (7th Cir. 2012), *vacated and remanded*, 133 S. Ct. 1722 (Apr. 1, 2013), supported reconsideration of the plaintiffs' class certification. The district court denied the motion to reconsider class certification, and the parties subsequently began settlement discussions.

In May 2014, the parties reached an agreement as to the financial component of the settlement. It would take them almost another year, however, until the parties could reach an agreement regarding the settlement's non-monetary terms. Emails between the parties suggest a final agreement was reached as to all of the settlement's terms sometime around March 19 and March 20, 2015. On March 20, 2015, the parties filed a joint status report with the district court declaring that they had "agreed to the terms of a settlement agreement and anticipate filing the formal settlement documents . . . by April 17, 2015."

Soon after this joint status report had been filed with the court, the defendants became aware of a February 27, 2015 decision by the Kentucky Court of Appeals, *McCann v. Sullivan University Systems, Inc.*, No. 2014-CA-000392-ME, 2015 Ky. App. Unpub. LEXIS 862 (Ky. App. Feb. 27, 2015). *McCann* held that KRS § 337.385, the same provision under which the plaintiffs had brought suit in this case, could not support class-action claims. *Id.* at *9. On March 26, 2015, the plaintiffs in *McCann* filed a motion for discretionary review with the Kentucky Supreme Court. *McCann v. Sullivan Univ. Sys. Inc.*, 2015-SC-000144. Buoyed by this discovery, the defendants filed a motion with the district court on April 15, 2015, seeking to stay approval of the settlement agreement in light of *McCann*. When the court denied this motion and granted preliminary approval of the settlement, the defendants again brought an appeal to this court. In an order dated October 27, 2015, we denied their second appeal as untimely, reasoning that the defendants had not challenged an appealable class-certification order in accordance with Rule 23(f). In our denial, we made it clear that while their appeal was

untimely, the defendants remained free to move the district court "to decertify the class on the basis of new developments." *In re FSL Mgmt., LLC*, No. 15-0504 (6th Cir. Oct. 27, 2015) (order).

Following our advice, the defendants filed a motion with the district court, pursuant to Fed. R. Civ. P. 23(c)(1)(C), to decertify the class based on the rule and the Kentucky Court of Appeals decision in *McCann*. The plaintiffs urged the district court to maintain certification and grant final approval to the proposed class settlement. On December 22, 2015, the district court filed a memorandum opinion and order denying the defendants' motion to decertify the class, and granting final approval of the plaintiffs' proposed class action settlement. In its opinion, the district court concluded that, regardless of the present meaning of KRS § 337.385,[1] it was bound to maintain class certification and enforce the settlement agreement as "a binding contract under Kentucky law." In so doing, the court below rejected the defendants' two arguments: 1) that both Rule 23 of the Federal Rules of Civil Procedure and the Rules Enabling Act require decertifying the class in light of KRS § 337.385's prohibition against class-action litigation; and 2) that Rule 23(e) requires the district court to refuse to enforce the class-action settlement in light of the same state statutory prohibition. Defendants raise both in this appeal.

II

As a preliminary issue, we must first decide whether KRS § 337.385 prohibits class-action litigation. Although the district court did not definitively decide this point, we review the application of state law *de novo*. *Matilla v. South Kentucky Rural Elec. Co-op. Corp.*, 240 F. App'x 35, 38 (6th Cir. 2007).

A

When a federal court is required to apply state law, we are required to do so in accordance with the controlling decisions of that state's highest court. *See Allstate Ins. Co. v.*

---

[1]The district court suggested that the defendants had made a plausible case about the meaning of KRS § 337.385, but chose not to reach the issue. "[H]ad the parties . . . not reached a settlement in this matter, the Court would stay the action pending resolution of this issue by the Kentucky Supreme Court, instead of decertifying the class as argued by the Defendants." *Whitlock v. FSL Mgmt., LLC*, No. 3:10CV-00562-JHM, 2015 WL 9413142, at *3 (W.D. Ky. Dec. 22, 2015).

*Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 453–54 (6th Cir. 2001). If the state's highest court has not yet addressed the issue, "we must predict how that court would rule, by looking to 'all available data.'" *Prestige Cas. Co. v. Michigan Mut. Ins. Co.*, 99 F.3d 1340, 1348 (6th Cir. 1996) (quoting *Kingsley Assoc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995)). "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the [state supreme court] would decide otherwise." *Kinglsey Assoc.*, 65 F.3d at 507.

We are asked to exercise our powers of divination in this case. Neither party contends that the Kentucky Supreme Court has rendered a binding decision on this issue. *See* Appellants' Br. at 14; Appellees' Br. at 19. Rather, both parties recognize that the question will be definitively answered when the Kentucky Supreme Court hands down its decision in *McCann v. Sullivan Univ. Sys.*, No. 2014-CA-000392-ME, 2015 Ky. App. Unpub. LEXIS 862 (Ky. App. Feb. 27, 2015), *cert. granted*, 2015-SC-000144-DG, 2015 Ky. LEXIS 1970 (Ky. Oct. 21, 2015). Consequently, they each point to a range of cases in order to persuade this court how the Kentucky Supreme Court will rule. Neither party makes a particularly compelling showing.

But we do not need to decide this issue today. Rather than venture into the wilderness of undecided Kentucky state law, a practice which is best left to the capable jurists of the Kentucky Supreme Court, we assume without deciding that the appellants' view of Kentucky state law is correct. We nonetheless conclude that a post-settlement change in the law does not alter the binding nature of the parties' settlement agreement, nor does it violate Rule 23 of the Federal Rules of Civil Procedure or the Rules Enabling Act.

III

We review a district court's decision to certify a class for abuse of discretion. *See Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011). "A district court abuses its discretion 'when [it] relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007) (alteration in original) (quoting *Reeb v. Ohio Dep't of Rehab. and Corr.*, 435 F.3d 639, 644 (6th Cir. 2006)).

A

The appellants first argue that continued certification of the class was improper under the terms of Rule 23 of the Federal Rules of Civil Procedure. Rule 23 regulates the procedural facets of class-action claims brought in federal court. It establishes strict requirements for class certification, obligating prospective class-action plaintiffs to satisfy all of the conditions of Rule 23(a) and come within one provision of Rule 23(b). *See Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). Rule 23(a) lists four "threshold requirements" that are applicable to all class actions:

> (1) numerosity (a class so large that joinder of all members is impracticable);
> (2) commonality (questions of law or fact common to the class); (3) typicality
> (named parties' claims or defenses are typical of the class); and (4) adequacy of
> representation (representatives will fairly and adequately protect the interests of
> the class).

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (internal quotation marks omitted). Rule 23(b) sets forth three types of class-action suits. The only type relevant to this litigation is Rule 23(b)(3), which permits a class to be certified where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This class-action was certified under both Rule 23(a) and (b)(3).

A district court "retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment." *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004). This includes the duty to decertify the class after a settlement agreement has been reached between the parties, but where the requirements of class certification had not been met. *See Amchem Prods., Inc.*, 521 U.S. at 620–28 (holding that courts are "bound to enforce" Rule 23's certification requirements, even where it means decertifying a class after they had reached a settlement agreement and submitted it to the court for approval). The district court chose not to exercise this power, instead concluding that "the fact that the Defendants voluntarily settled this wage and hour class action" permitted it to maintain class certification and enforce the settlement. The

appellants argue that irrespective of the settlement agreement, the prohibition against class-action litigation in KRS § 337.385(2) required the district court to decertify the class, as the Supreme Court had done in *Amchem*. *See* Appellants' Br. at 17.

The appellants fundamentally misread *Amchem*, however. Although the appellants are right to note that *Amchem* stands for the principle that the "dominant concern[s] [of Rule 23(a) and (b)] persist[] when settlement, rather than trial, is proposed," *Amchem Prods., Inc.*, 521 U.S. at 619–21, they fail to recognize the intended beneficiaries of Rule 23's requirements. *Amchem* makes clear that the certification provisions of Rule 23 are designed to "focus court attention on whether a proposed class has sufficient unity so that *absent members* can fairly be bound by decisions of class representatives." *Id.* at 621 (emphasis added). Unlike in *Amchem*, where certification of the "sprawling" class was challenged by numerous objectors both in and out of the plaintiff class, *id.* at 624, the challenge to class certification in this case comes from the defendants-appellants. As Rule 23 was never designed to protect the interests of parties who were fairly represented throughout the class-action litigation process, the appellants' reliance upon *Amchem* is misplaced.

But of course this puts the cart before the horse, as the appellants have failed to make any argument explaining why the prohibition against class-action litigation in KRS § 337.385(2) disturbs any of the class-certification requirements set forth in Rule 23(a) or (b). In fact, the appellants seem to hope that this court will fill in the gaps on their behalf. They only summarily analogize this case to *Amchem*, concluding that because certification in that case was improper, "the District Court here should have decertified the class and refused to approve a settlement because Kentucky substantive law prohibits class actions." Appellants' Br. at 17. Appellants' blanket statement does not survive close scrutiny. Only two of the four threshold requirements in Rule 23(a), commonality and typicality, even reference substantive law, and neither appear to be impacted by the appellants' proposed meaning of KRS § 337.385(2). Common sense reveals why this is the case: the purported bar against class-action litigation in KRS § 337.385(2) is a *procedural* element of the statute. Even if the statute is read to prohibit class-action suits, it in no way affects the ability of class-plaintiffs to *individually* bring claims under the statute for alleged wage and labor violations. So long as the substantive elements of a cause of action under the

statute remain unchanged, the ability of class plaintiffs to satisfy Rule 23(a)'s commonality and typicality requirements will similarly remain unaffected.

This subtle distinction is borne out in the sparse, but informative, case law that the appellants present to this court. Throughout their brief, the appellants cannot cite a single case that stands for the proposition that a state statutory provision prohibiting class-action suits results in a failure to meet Rule 23(a) or (b) certification requirements. Rather, the cases that the appellants do cite suggest that such a provision is fatal not to Rule 23's certification requirements, but rather to Rule 23 more generally under the Rules Enabling Act. *See, e.g.*, *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (controlling op.)[2] (discussing a conflict between a New York rule prohibiting class-action suits and Rule 23 solely with regards to the Rules Enabling Act); *Williams v. King Bee Delivery, LLC*, No. 5:15-CV-306-JMH, 2016 U.S. Dist. LEXIS 104001, at *19–*22 (E.D. Ky. Aug. 8, 2016) (holding that KRS § 337.385(2) prevents class certification under Rule 23 in federal court because of the Rules Enabling Act); *Anderson v. GCA Servs. Grp. of N.C., Inc.*, No. 1:15-CV-37-GNS, 2015 U.S. Dist. LEXIS 119742, at *6–*7 (W.D. Ky. Sept 9, 2015) (same); *Green v. Platinum Rests. Mid-America, LLC*, No: 3:14-CV-439-GNS, 2015 U.S. Dist. LEXIS 171647, at *17–*23 (W.D. Ky. Feb. 24, 2015) (same); *Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1049–51 (E.D. Mo. 2014) (same).

In sum, though the appellants are right to suggest that *Amchem* requires a district court to evaluate whether the requirements of class certification have been met even where the parties have reached a settlement agreement, they have failed to show that their proposed meaning of KRS § 337.385(2) operates to prevent the plaintiffs from satisfying Rule 23's certification requirements. Therefore, to the extent that the district court concluded that continued

---

[2]This is an unusual case. While Justice Scalia delivered the opinion for a five-justice majority with respect to Parts I (procedural history) and II-A (finding a conflict between Rule 23 and the New York rule), the court splintered on the remaining issues. Justice Scalia wrote a four-justice plurality opinion explaining that Rule 23 always superseded state class-action rules in federal court. Justice Ginsburg wrote a four-justice plurality opinion taking the opposite position. Justice Stevens wrote an opinion concurring in the judgment, but also agreeing with Justice Ginsburg that there are some instances where state procedural rules function as part of the state's definition of substantive rights and remedies and thus must be applied in federal court. As Justice Stevens's opinion is the narrowest in support of the judgment, it technically controls. *See Marks v. United States*, 430 U.S. 188, 193 (1977).

certification of the class was proper under Rule 23 of the Federal Rules of Civil Procedure, it did not abuse its discretion.

B

The appellants also argue that the Rules Enabling Act required the district court to decertify the class. The Rules Enabling Act provides that court-created procedural rules, such as Rule 23 of the Federal Rules of Civil Procedure, "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). Here, the appellants argue that continued certification of the class under Rule 23 operates to modify the scope of the state substantive right defined in KRS § 337.385(2).

Had the plaintiffs-appellees sought to litigate this case on the merits rather than settle, the appellants might have a strong case. They argue that permitting certification of a class-action suit pursuant to Rule 23 directly conflicts with the statutory prohibition against class-action litigation in KRS § 337.385(2). Further, they argue that because this prohibition "is procedural in the ordinary use of the term but . . . so intertwined with a state right or remedy that it functions to define the scope of the state-created right," *Shady Grove*, 559 U.S. at 422, permitting class certification under Rule 23 would "modify [that] substantive right" in violation of the Rules Enabling Act. 28 U.S.C. § 2072(b). In *Shady Grove*, the Court dealt with a similar conflict between Rule 23 and a New York rule that prohibited certain class-action suits. In a uniquely splintered opinion, *see supra* n.2, the Court held that while the Rules Enabling Act was not violated in that case (because the New York rule was merely procedural), it *would* be violated where the rule was effectively part of the state substantive right. *Shady Grove*, 559 U.S. at 422. In making this distinction, Justice Stevens emphasized that the rule in that case "expressly and unambiguously applie[d] not only to claims based on New York law but also to claims based on federal law or the law of any other State." *Id.* at 432. Here, the prohibition on class-action litigation only applies to claims brought under the Kentucky Wage and Hour Act, and it appears within the same statutory provision that creates the private cause of action. KRS § 337.385(2). Thus, as three district courts have concluded, we assume without deciding that the Kentucky statute's purported prohibition against class-action litigation is substantive for the purposes of the Rules Enabling Act. *See Williams*, 2016 U.S. Dist. LEXIS 104001, at *19–22 (holding that KRS

§ 337.385(2) prevents class certification under Rule 23 in federal court because of the Rules Enabling Act); *Green*, 2015 U.S. Dist. LEXIS 171647, at *17–23 (same); *Davenport*, 35 F. Supp. 3d at 1049–51 (same).

This does not settle the matter, however. Those cases involved parties that had not yet reached an agreement to settle their claims. Although a district court is duty bound to decertify a class, where necessary, until final judgment, *see supra* Part III.A, the Rules Enabling Act is not fatal to class certification where, as here, class certification is sought to enforce a settlement agreement. "[T]he proposed settlement could not violate the Rules Enabling Act since a 'court's approval of a voluntary settlement, by nature a compromise of rights, does not affect substantive state rights.'" *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 312 (3d Cir. 2011) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 962 F. Supp. 450, 561 (D.N.J. 1997), *aff'd sub nom. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998)). Rather, "a district court's certification of a settlement simply recognizes the parties' deliberate decision to bind themselves according to mutually agreed-upon terms without engaging in any substantive adjudication of the underlying causes of action." *Sullivan*, 667 F.3d at 312. As certification of the settlement class does not amount to "a finding that the plaintiffs are actually entitled to relief under substantive state law," *id.* at 313, it cannot be the case that certification acts to "abridge, enlarge, or modify any substantive right" created by state law. 28 U.S.C. § 2072(b). Therefore, certification of the settlement class in this case does not implicate the Rules Enabling Act, even where we assume that the appellants' reading of KRS § 337.385(2) is correct and that it constitutes a substantive provision of the Kentucky statute.

IV

The appellants also argue that, irrespective of the propriety of class certification, the district court erred when it approved the settlement agreement under Rule 23(e) of the Federal Rules of Civil Procedure. Just as with the district court's decision to maintain class certification, we review a district court's decision to approve a class-action settlement agreement for abuse of discretion. *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013).

A

Rule 23(e) establishes additional rules for the settlement, dismissal, or compromise of class claims. It requires that class-action claims "may be settled, voluntarily dismissed, or compromised *only with the court's approval.*" Fed. R. Civ. P. 23(e) (emphasis added). Approval is only warranted where the court determines, *inter alia*, that the proposed class settlement would be "fair, reasonable, and adequate." *Id.* Factors that guide this inquiry include:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007). Courts have also used Rule 23(e) to consider "legitimate concerns about federal-state relations." *Georgevich v. Strauss*, 772 F.2d 1078, 1085 (3d Cir. 1985).

The appellants argue that these factors require that the court refuse to enforce a proposed settlement under Rule 23(e) where, as here, substantive state law prohibits class-actions. Specifically, the appellants argue that approval of the proposed settlement violated Rule 23(e)(2)'s "fairness" requirement because the proposed settlement contravened Kentucky public policy. *See* Appellants' Br. at 17–20. To this end, the appellants cite to a range of cases involving consent decrees, which the appellants argue include a "fairness" requirement analogous to the kind in Rule 23(e). In these cases, courts have evaluated the public-interest component of the "fairness" inquiry by "consider[ing] whether the decree is 'consistent with the public objectives sought to be attained by [the legislature].'" *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (quoting *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983) (citation omitted)). Thus, where "a change in law eliminates the rights and duties the consent decree is designed to enforce, then it should not be enforced simply because the parties agreed to it." *Brown v. Tenn. Dep't of Fin. & Admin.*, 561 F.3d 542, 546 (6th Cir. 2009) (citation omitted). The appellants argue that the "new" meaning of KRS § 337.385(2) constitutes a change in law, and that just as with consent decrees, the court has an obligation under Rule 23(e) to refuse to enforce the proposed settlement agreement.

The appellees argue, and the district court agreed, that nothing in Rule 23(e) prevents the district court from enforcing an agreed-upon settlement against defendants who were properly represented throughout settlement negotiations. The district court primarily relied upon the Third Circuit's decision in *Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010), a case in which the facts bear a startling resemblance to our present controversy. In *Ehrheart*, a group of plaintiffs brought suit against Verizon Wireless for alleged violations of the Fair and Accurate Credit Transaction Act (FACTA). *Id.* at 592. After successfully obtaining class certification, the parties began settlement negotiations that culminated in a proposed settlement agreement that was given preliminary approval by the district court. *Ibid.* After preliminary approval had been obtained, but before final approval had been given, Congress passed legislation that amended FACTA and eliminated the plaintiffs' underlying cause of action. *Ibid.* Verizon swiftly filed a motion to vacate the district court's preliminary approval of the parties' proposed settlement, and award judgment to Verizon on the pleadings. *Ibid.*

While the district court granted both of Verizon's motions, the Third Circuit reversed. It reasoned that while Rule 23(e) imposed a duty upon the district court to evaluate proposed class-action settlements, "[t]he purpose of Rule 23 is to protect the unnamed members of the class from unjust or unfair settlements," not the parties to the settlement who were represented by "experienced counsel." *Id.* at 592–94. Furthermore, the Third Circuit rejected the notion that its obligation to evaluate the settlement under Rule 23(e) was antecedent to the enforcement of a binding settlement agreement. "The requirement that a district court review and approve a class action settlement before it binds all class members does not affect the binding nature of the parties' underlying agreement." *Id.* at 593 (citing *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008)). In fact, the use of Rule 23(e) in such a way runs afoul of the "particularly muscular" presumption in favor of settlement in class-action litigation. *Id.* at 593–95. Stated more plainly, "the decision to settle a case is a considered one. . . . We will not relieve a party of that decision because hindsight reveals that its decision was, given later changes in the law, probably wrong." *Id.* at 595–96.

We agree with the Third Circuit and hold that Rule 23(e) does not bar a district court from enforcing a class-action settlement agreement after a post-settlement change in substantive

law.   The appellants' argument is a false analogy.   Consent decrees differ from class-action settlements in numerous respects.   To begin with, consent decrees are a prospective form of relief involving continuous court oversight.   They are designed to be a flexible remedy, easily modifiable when the facts or law as to the parties change. *See United States v. Swift & Co.*, 286 U.S. 106, 115 (1932) ("The consent is to be read as directed towards events as they then were.   It was not an abandonment of the right to exact revision in the future, if revision should become necessary in adaptation to events to be.").   Settlements, conversely, are designed to conclude litigable disputes.   Finality, not modifiability, is the rule, and settlements are commonly treated as contractual agreements between the parties by the courts. *See Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002) ("An agreement to settle legal claims is essentially a contract subject to the rules of contract interpretation.").   Moreover, as the Third Circuit recognized, the court-approval mechanism contained in Rule 23(e) is designed to protect absent class members and other non-parties to the litigation, *not* the defendants who misread the law and agreed to an unfavorable settlement offer.   Even if we agreed with the appellants' consent-decree analogy and found class-action settlements to be modifiable in response to changes in substantive law, it would be perverse to the aims of Rule 23(e) to employ it in such a way as to rescue a litigating party from a bargain poorly struck.   For these reasons, we hold that the district court did not abuse its discretion when it enforced the parties' settlement agreement.

V

The appellants seek to reverse the district court's order to maintain class certification and enforce the proposed class settlement.   They are not entitled to that relief because even if we assume that their proposed interpretation of Kentucky state law is correct, they fail to show that the district court abused its discretion.   For this reason, we AFFIRM the decision of the district court to maintain class certification and to approve the parties' settlement agreement.