# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3112

_____

Ria Schumacher, Individually and on Behalf of All Others

*Plaintiff - Appellee*

v.

SC Data Center, Inc., doing business as Colony Brands, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Central Division

_____

Submitted: November 14, 2018
Filed: January 8, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

After the parties reached a tentative settlement in this purported class action, SC Data Center, Inc., moved to dismiss the case on the ground that the class representative, Ria Schumacher, lacked standing. However, the district court enforced the settlement between the parties without deciding the standing issue. SC Data Center appeals, arguing the district court erred by not deciding standing first. We

agree, vacate the district court's approval of the settlement agreement, and remand the case.

In February 2016, Schumacher filed a purported class action in the Circuit Court of Cole County, Missouri, alleging that SC Data Center committed three violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. SC Data Center removed the case to federal court. In May 2016, the parties reached a tentative settlement agreement during mediation. Four days later, the Supreme Court released its opinion in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), holding that the Ninth Circuit failed to properly analyze Article III standing in assessing a claim brought under the FCRA.

Subsequently, in July 2016, SC Data Center moved to dismiss this action for lack of standing. The district court denied the motion, concluding that "Schumacher's standing to bring the FCRA claims underlying this settlement is irrelevant to whether she has standing to enforce the parties' settlement agreement."

The district court ordered the parties to submit their settlement agreement for approval under Fed. R. Civ. P. 23(e), and they complied. The district court approved the settlement, and SC Data Center timely appealed the decision.

We agree with SC Data Center that the district court erred by not assessing standing before enforcing the settlement agreement. "Article III standing must be decided first by the court and presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012). A district court's obligation to ensure that standing exists continues throughout the case because "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422

U.S. 395, 401 (1975)). This rule applies to settlements of class actions because "[a]n approved settlement takes the form of a judgment of the court, and without both Article III power and proper subject-matter jurisdiction, the court cannot act." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 698 (7th Cir. 2018). Thus, because the district court's act in approving a class settlement was a court judgment, it erred when it did not first assess standing.

Schumacher argues that the district court did not need to reassess standing after *Spokeo* because SC Data Center cannot escape the settlement agreement based on a change in the law. Specifically, she relies on *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010), to argue that a party cannot escape a settlement "simply because a change in the law confers upon it a benefit that could have altered the settlement calculus."

Her argument is not persuasive here because *Spokeo*, even if it was a catalyst for SC Data Center's motion to dismiss, was not a change in the substantive law bearing on Schumacher's claim that would have "altered the settlement calculus." *Id.*; *see also Robertson*, 902 F.3d at 698 (stating that "changes in the legal background that do not affect Article III or subject-matter jurisdiction are an entirely different matter" from those that do affect jurisdiction). Other circuits have similarly distinguished the *Ehrheart* line of cases when addressing *Spokeo* because "*Spokeo* did not change the law of standing and thus was not a post-agreement change in the law. It merely reiterated that an Article III injury must be both particular and concrete." *Robertson*, 902 F.3d at 698. Thus, *Ehrheart* provides no basis to avoid addressing standing before enforcing a settlement agreement.

Because there is no finding in the record regarding whether Schumacher had standing to pursue her claims, we vacate the district court's approval of the settlement agreement and remand the case for a decision on whether Schumacher has standing. We express no view on whether the Seventh Circuit's opinion on FCRA standing or

one of the competing approaches in other circuits is best applied to the facts of this case.  *Compare Robertson*, 902 F.3d at 694–98, *with Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172–76 (9th Cir. 2018), *and Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 323–25 (3d Cir. 2018).

_____