54 N.J. Super. 472 (1959)
149 A.2d 257
MAURICE M. MARGOLIS AND GEORGE MARGOLIS, INDIVIDUALLY AND PRACTICING LAW AS MARGOLIS AND MARGOLIS, AND EVA WADLEY, PLAINTIFFS-RESPONDENTS,
v.
LILLIAN CLAWANS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1959.
Decided March 10, 1959.
*473 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Leon Lavigne argued the cause for appellant (Lillian Clawans, attorney pro se).
*474 Mr. Alex Turak argued the cause for respondents (Messrs. Margolis, Margolis & Turak, attorneys).
The opinion of the court was delivered by HANEMAN, J.A.D.
Defendant appeals from a final judgment of the Essex County District Court entered in favor of plaintiffs and against defendant upon the opening statements of counsel. The plaintiffs Margolis are members of the Bar of New Jersey; Eva Wadley is their client. Defendant is also a member of the New Jersey Bar.
Plaintiffs sued to recover the sum of $250 upon a check drawn upon Clawan's personal account and made and delivered by her for the benefit of her client Louise Scott. Clawans had stopped payment on the check.
The matter is presented on a statement of the proceedings, which was settled by the trial judge for use instead of a stenographic transcript. R.R. 1:6-3. That statement contains also the findings of fact and conclusions of law reached by the trial judge. It reads:
"The instant suit is based upon a check in the sum of Two Hundred and Fifty Dollars ($250.00) given to the plaintiff as a result of a stipulation entered in the case of Wadley vs. Scott, Essex County District Court, Docket No. 255-690. Payment was stopped on this check and plaintiff demands the amount thereof, together with interest.
At the opening of the above entitled cause, the defendant made an opening contending as a defense, said check was given for and on behalf of Louise Scott, in settlement of said suit, Wadley vs. Louise Scott; that said settlement was made upon expressed conditions that said Eva Wadley would execute and deliver a release, under seal, to said Louise Scott, of any claims alleged on said suit and in addition thereto would forthwith vacate said premises, 32 Lincoln Street, Newark, New Jersey, then occupied by the said Eva Wadley and being the property of the said Louise Scott.
After delivery of said check, the said Eva Wadley failed and refused to prepare, execute and deliver the release aforesaid and failed and refused to vacate the premises aforesaid, although more than four weeks had expired from the date of proposed settlement-agreement aforesaid, the said Eva Wadley had neither prepared, executed or delivered said release nor vacated said premises and thereupon this defendant, pursuant to instructions and to protect the said Mrs. Louise Scott, stopped payment on the check sued upon, mentioned and described in paragraph 1 of said complaint.
*475 This defendant contended that the said Eva Wadley had failed and refused to comply with the conditions of said settlement and that her said failure and refusal, constituted failure of consideration. The defendant was prepared and offered to submit proof of the above allegations.
Plaintiff contended on the opening that this defense was a collateral attack on a judgment of this court heretofore mentioned in the case of Wadley vs. Scott, Docket No. 250-690.
Plaintiff brought to the Court's attention that this stipulation and judgment entered on said docket reads as follows:
`Rent is to be considered paid in full from November 11, 1956 to May 11, 1957. Defendant is to pay plaintiff the sum of $250.00 in two weeks. If not paid, upon filing of Affidavit by plaintiff and her attorney, Judgment to be entered automatically.
Settled  Dismissed.'
The Court thereupon found judgment for the plaintiff in the sum of Two Hundred and Fifty Dollars ($250.00)."
Plaintiffs' contentions here are the same as they were below, i.e., the portion of the entry on the docket of the district court constitutes a judgment and the defense which defendant intended to make on the present suit was an attempt to make a collateral attack against that judgment, a position which the law will not permit.
Defendant takes the position that the notation does not fully state the terms of the agreement in the prior suit and that she is entitled to rebut the matters therein recited.
There is no question that Clawans was acting for and on behalf of her client Scott and that payment on the check was stopped at the instruction of Scott. That Clawans made the check as an accommodation for her client will not relieve her from liability. Further, the defense below and here is failure of consideration. Defendant tacitly admits that she would be bound on the check save for the failure of the consideration upon which it was based. She stands on the rights of Scott on this point.
The basic issue for determination is whether a judgment was entered in the prior action, and it must therefore be determined whether the docket entry is a judgment of the Essex County District Court. If the entry is a judgment it must be one of voluntary dismissal.
*476 An action can be voluntarily dismissed only by a plaintiff in accordance with the provisions of the rules. The applicable rule is R.R. 4:42-1(a) and (b), made applicable to the county district courts by virtue of R.R. 7:1-3 and R.R. 5:2-1. R.R. 4:42-1(a) provides that a plaintiff may, without a court order, dismiss an action either "by filing a notice of dismissal at any time before service * * * of an answer or of a motion for summary judgment" or, after answer or appearance, "by filing a stipulation of dismissal signed by all parties who have appeared in the action." The first course was not available to plaintiff in the prior action here involved, for the defendant there had appeared in the action. Nor was the second course pursued.
R.R. 4:42-1(b) states that, except as provided in R.R. 4:42-1(a) an action shall not be dismissed at the plaintiff's insistence "save upon order of the court" and upon such terms and conditions as the court deems proper. The rule contemplates a special or written order of the court setting forth the terms and conditions of the dismissal, including, if the court deems it proper, a statement that the dismissal is with prejudice. This course of action was not pursued.
Thus, no judgment was actually entered in the Wadley-Scott action. For all that appears in the record before us, that suit is still pending and this because no proper proceeding has been taken to terminate the action in accordance with the applicable provisions of the rules. The bar of res judicata or collateral estoppel by judgment does not apply.
However, we are confronted with the above notation on the docket and must determine its nature and effect. As above noted, R.R. 4:42-1(a) and (b) provide that a voluntary dismissal of an action, except where no answer has been filed or motion for summary judgment made by defendant, may be entered only by the filing of a signed stipulation or the entry of an order. Implicit in such a provision is the direction that a stipulation of settlement, *477 in order properly to be considered part of the official record of a cause, must be reduced to writing and either filed with the court as an instrument executed out of the presence of the court or as an order signed by the court. There being no compliance with this basic requirement, the notation on the docket does not rise to the dignity of a proper official record which purports to reflect absolute verity to terms of the agreement. The record discloses at most a written memorial of an oral agreement of settlement prepared by the clerk. Such a notation is in essence an attempt by a third party to reduce to writing his concept of the settlement agreement. The clerk's interpolation of the agreement constitutes a ministerial rather than a judicial function. Cf. Spencer v. Fairclough, 137 N.J.L. 379 (E. & A. 1948). There appears nothing to show defendant's consent to or approval of the written form.
The notation in the docket is not ipso facto binding on Clawans or her client. It could, of course, be shown as some evidence of what transpired in the prior action, i.e., of the agreement which the parties allegedly reached. However, it alone would not bar the defendant from showing what the complete agreement was. The facts of the agreement would be an issue for the trier to resolve. Hence, while the notation reflects the clerk's understanding of the agreement of the parties or so much of it as was communicated to him or that the parties deemed it necessary to convey to him, still, the true facts may be shown.
It has been held that even where an action was dismissed with the consent of the defendant upon a stipulation, the terms of which do not appear in the record, parol evidence may be adduced as to the terms of such stipulation. Kelleher v. Lozzi, 7 N.J. 17 (1951).
Reversed and remanded for trial.