65 N.J. Super. 472 (1961)
168 A.2d 72
MARY JANNARONE, PLAINTIFF-APPELLANT,
v.
W.T. CO., PHILIP LeCOMPTE, ET ALS., DEFENDANTS, AND JOSEPH CALAMONERI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1961.
Decided February 28, 1961.
*473 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Robert C. Gruhin argued the cause for appellant.
Mr. Peter W. Thomas argued the cause for respondent Joseph Calamoneri (Messrs. Lum, Fairlie and Foster and Mr. Theodore L. Abeles, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff appeals from an order made by the assignment judge in the Law Division, Superior Court, Essex County, denying her application to set a date for the trial of her action against Joseph Calamoneri based upon alleged negligence resulting in an automobile accident. The order contains a finding of fact that the case "was settled on the day it was before Judge Pindar" for trial.
Plaintiff with others was a passenger in a motor vehicle operated by her son-in-law Edward J. Albano. The car was apparently struck in the rear by a vehicle or vehicles involved in a multi-car accident. An action by plaintiff against Albano, defendant Calamoneri and some five others, and another action by Albano against Calamoneri and others, were consolidated for trial in Essex County, and the case came on for trial before Judge Pindar April 28, 1959. Before the commencement of proofs plaintiff's action was settled for $4,000 by agreement between her attorney, Robert C. Gruhin, and Richard H. Hughes, counsel for defendants *474 W.T. Co. and LeCompte. At the same time plaintiff submitted to voluntary dismissal as against defendants Albano, Guimes and Lowry. The sole factual issue on the motion below and on this appeal concerns the disposition of plaintiff's action as against defendant Calamoneri. That defendant contends, and the assignment judge found to be the fact, that it was settled at the same time, and for the sum of $250. Plaintiff's position is that there was only an offer of $250, and that her counsel did not accept it, but reserved decision on the offer pending the outcome of the trial then to proceed in the Albano action against Calamoneri and others; and that he later advised the latter's insurance carrier that he would not settle for that amount.
The Albano case against Calamoneri and others proceeded to trial at once, Judge Pindar informing the jury that during recess the Jannarone case had been "excluded" from trial. The trial of the action on behalf of Albano, his wife and daughter resulted in jury verdicts and judgments against Calamoneri aggregating $8,000. Nine months later plaintiff brought on a motion to fix a date for trial of her action against defendant Calamoneri, same to be "limited to damages only." The notice of motion was predicated upon the alleged "severance" of plaintiff's action against Calamoneri from the rest of the consolidated case. No order of severance was ever entered.
The parties submitted the litigated factual issue on the motion upon affidavits, and it is not asserted that there was not a full and fair opportunity for plaintiff to present her proofs in that manner. The order under review recites that argument on the motion was had on two separate dates, the last March 11, 1960. All affidavits had been filed by February 19, 1960. Legal memoranda as well as affidavits were submitted to and considered by the assignment judge.
At the outset, we note plaintiff's counsel's admission at oral argument that he was authorized by her to settle her claims against any of the defendants upon the basis of his best judgment at the time. She has not disavowed the *475 $4,000 settlement against certain defendants or the voluntary dismissal as against others.
An affidavit submitted below, made by Peter W. Thomas, attorney for defendant Calamoneri, states that on April 27 and April 28, 1959 he personally conducted settlement negotiations with Mr. Gruhin "which resulted in a settlement in favor of plaintiff Mary Jannarone in the amount of $250.00 without costs." He wrote Mr. Gruhin May 21, 1959 requesting a release in the amount of $250 together with a stipulation of dismissal, so that he might "close my file," but never received any response. Another opposition affidavit was made by Mr. Hughes, the attorney who had represented those defendants who had settled plaintiff's case against them at the same time for $4,000. His affidavit reads, in part, as follows:
"5. On Friday, May 1, 1959, after the case had been tried and the decision of the jury was known, Robert C. Gruhin, attorney for Mary Jannarone, called me on the telephone and asked me about the results of the trial. When I informed him that defendants LeCompte and Calamoneri had been held jointly liable by the jury, Mr. Gruhin stated that he had been a fool to settle with the attorney for defendant Calamoneri in the sum of $250.00 and that he was going to see to it that his client Mary Jannarone did not sign a Release on behalf of defendant Calamoneri for the sum of $250.00. On Saturday, May 2, 1959, I advised Mr. Thomas of my conversation of May 1st with Mr. Gruhin."
An affidavit by Reginald S. Hughes, investigator for Calamoneri's insurance carrier, states that he was advised during the week of April 27, 1959 by Mr. Thomas that the case of Jannarone v. Calamoneri had been settled for $250; but that subsequently Mr. Gruhin phoned him to say his client would not sign a release for $250, but only for $2,500.
Mr. Gruhin filed his answering affidavit February 18, 1960. He mentioned receiving the three opposition affidavits referred to. Nowhere did he specifically deny the unequivocal statement in the Thomas affidavit that they settled the case on April 28, 1959 for $250 without costs. Nor did he deny or refer in any way to the conversation *476 between Mr. Richard H. Hughes and himself of May 1, 1959, sworn to by Mr. Hughes.
The entry of judgment May 1, 1959 by the clerk on the docket after trial of the case recites, inter alia:
"At this stage of the proceedings counsel in L-12558-56 [Jannarone v. Calamoneri, et al.] announced the cause of action of the plaintiff in L-12558-56 against the defendants, W.T. Co., Philip LeCompte and Joseph Calamoneri, settled."
The foregoing docket notation does not have the effect of a judgment of dismissal, nor is it conclusive of the facts recited therein. Margolis v. Clawans, 54 N.J. Super. 472 (App. Div. 1959). It can, however, be shown as some evidence of what transpired. Id., at p. 477.
On the whole showing below and the argument before us there cannot be the slightest doubt that plaintiff, through her authorized attorney, deliberately settled her case against the defendant Calamoneri on the day fixed for trial for $250 without costs. Her attorney repudiated the agreement on her behalf for no other reason than a change of judgment as to the value of the claim after being apprised of the outcome of the trial of the companion case the next day. There was no justification for this repudiation by counsel of a settlement fairly and openly negotiated and arrived at. So far as appears, it was not even done at the instance of the client. Counsel pleads he was not well at the time. If so, he had recourse to the court for appropriate relief. If the companion case had resulted in rejection of the other claims against defendant Calamoneri, counsel for plaintiff would undoubtedly have insisted, and justly, upon his receiving the $250 settlement figure agreed upon.
The settlement of litigation ranks high in our public policy. Judson v. Peoples Bank & Trust Co., 25 N.J. 17, 35 (1957); Carlsen v. Carlsen, 49 N.J. Super. 130, 136 (App. Div. 1958). There is no good reason why an executory agreement between the parties, fairly arrived at, to settle pending litigation, should not be enforced in *477 the cause, subject to the discretion of the court. See Clarkson v. Kelly, 49 N.J. Super. 10 (App. Div. 1958). The considerations arising out of ancient differences between law and equity jurisdiction which formerly made resort to Chancery the appropriate remedy for enforcing an executory settlement of a law action, see Trenton Street Ry. Co. v. Lawlor, 74 N.J. Eq. 828 (E. & A. 1908); cf. De Caro v. De Caro, 13 N.J. 36 (1953), should not under our present unified practice prevent enforcement of an executory settlement through judgment in the cause after summary hearing, at least when the dispute as to the fact and terms of settlement is simple and easily resolved, as here, cf. Kupper v. Barger, 33 N.J. Super. 491 (App. Div. 1955), and no real considerations as to the fairness and equity of the settlement are made to appear.
Plaintiff makes contentions respecting the alleged unfairness of this settlement which we deem without merit to the point of frivolousness. Her counsel is an experienced trial attorney, who, at most, misjudged the likelihood of a jury finding the defendant Calamoneri negligent. To permit the unilateral dissolution of deliberate settlements for reasons like this would be to impair the orderly and expeditious management of the disposition of our trial lists.
The trial court did not make final disposition of the instant case by its ruling, apparently for the reason that there was no formal motion by defendant directed toward that end. But the case should be disposed of. We regard the defendant's position as being, in substance, that the settlement should be enforced and the case terminated. We will assume jurisdiction to direct that this be done. The matter is remanded with directions that upon defendant's paying into court for the benefit of plaintiff such amount, if any, as shall remain after deducting from the sum of $250 defendant's costs of this appeal, judgment of involuntary dismissal with prejudice shall be entered in favor of defendant.
So ordered.