66 A.3d 736

BRENDA DUHAMELL, PLAINTIFF, v. RENAL CARE GROUP
EAST, INC., RCG SOUTHERN NEW JERSEY, LLC, PHILADEL-
PHIA SUBURBAN DEVELOPMENT CORPORATION, DEFEN-
DANTS.

CATHERINE A. NEY, PLAINTIFF, v. RENAL CARE GROUP EAST,
INC., RCG SOUTHERN NEW JERSEY, LLC, PHILADELPHIA
SUBURBAN DEVELOPMENT CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

Decided December 7, 2012—May 16, 2013.

*Jeffrey R. Youngman* and *Frederick E. Gerson* for plaintiffs, Brenda DuHamell and Catherine A. Ney (*Feitlin, Youngman, Karas & Gerson, LLC,* attorneys).

*Joseph. E. O'Neil* and *John J. O'Donnell,* admitted pro hac vice, for defendants, Renal Care Group East, Inc. and RCG Southern New Jersey, LLC (*Lavin, O'Neil, Ricci, Cedrone, & Disipio,* attorneys).

*Theodore C. Forrence,* attorney, and *David M. Barry,* admitted pro hac vice, for defendants Philadelphia Suburban Development Corp, (*Law Offices of David M. Barry,* attorneys).

KANE, J.S.C.

## Nature and Background of the Motion

Plaintiffs Catherine A. Ney ("Ney") and Brenda DuHamell ("DuHamell") are seeking by way of a motion to enforce a settlement agreement, this court's declaration that the interests of Medicare have been adequately protected pursuant to the Medicare Secondary Payer Statute, ("MSP") 42 *U.S.C.A.* § 1395(y)(b)(2). Plaintiffs' motion is unopposed.

## Relevant Facts and Procedural History

On September 13, 2012, the Honorable Neil H. Shuster (retired) conducted a mediation session, which, after ten hours of negotia-

tions, resulted in an amicable resolution among the parties with respect to the underlying claims. The terms of the settlement remain confidential as agreed to by the respective parties. However, the parties have yet to consummate the settlement due to a pertinent part of the settlement that contemplated a determination by the Department of Health and Human Services, Center for Medicare and Medical Services ("CMS") concerning the amount to be "set aside" pursuant to the MSP statute. This provision of the settlement is the basis for the present motion.

Plaintiffs have retained attorney Christine L. Hummel, a renowned expert, to determine the potential future amount due to be set aside for future medical expenses relating to the underlying incident/accident, which would otherwise be covered or reimbursable by Medicare. In her report dated August 1, 2012, Hummel submitted her recommendations, including a proposed "set-aside" amount of $13,689.25 to be deposited into a separate interest-bearing account, which would be self-administered by Ney to be used solely for the purpose of satisfying her future medical expenses related to the involved claim and injuries. In a separate report dated August 8, 2012, Hummel opined that the proposed "set-aside" to Medicare should be in the amount of $114,246 to be deposited into a separate interest-bearing account to be used solely for future medical expenses of DuHamell. This account will be administered by DuHamell's brother, Bruce Brennenstuhl.[1] Both proposed set-aside amounts were submitted to the CMS for review.

On November 8, 2012, and November 21, 2012, respectively, CMS provided "no review" letters in response to Ney's and DuHamell's submissions. Specifically, Medicare advised in relevant part:

Due to resources constraints, CMS is not providing a review of this proposed liability Medicare set-aside arrangement amount. Please be advised that this does

---

[1] DuHamell is currently suffering from cognitive and memory impairments and requires a competent adult to assist with her Medicare account administration.

not constitute a release or a safe harbor from any obligations under any Federal law, including the MSP statute. All parties must ensure that Medicare is secondary to any other entity responsible for payment of medical items and services related to the liability settlement, judgment, or award.

Plaintiffs do not dispute that the matter is subject to the MSP statute, 42 *U.S.C.A.* § 1395(y)(b)(2), which requires a set-aside in all claims, including those involving general liability insurance. 42 *C.F.R.* § 411.50(b). Rather, plaintiffs submit that Medicare's response with regard to plaintiffs' claims will in effect delay settlement indefinitely, or until Medicare has the resources to review plaintiffs' claims. Plaintiffs contend that this result is contrary to public policy and will result in trials despite amicable and just resolutions reached by the parties themselves.

Presently, this court has been asked to decide whether to enforce the settlement agreements and declare Medicare's interests adequately protected notwithstanding Medicare's response to plaintiffs regarding their claims. This issue is one of first impression in New Jersey for this type of settlement agreement.

### Discussion and Analysis

The MSP statute, 42 *U.S.C.A.* § 1395(y)(b)(2) " 'assigns primary responsibilities for medical bills of Medicare recipients to private health plans when a Medicare recipient is also covered by private insurance.' " *Sipler v. Trans Am Trucking, Inc.*, 881 *F.Supp.*2d 635, 637 (D.N.J.2012) (quoting *Fanning v. United States*, 346 *F.*3d 386, 389 (3d Cir.2003)). The private plans are " 'considered 'primary' under the MSP and Medicare acts as the 'secondary' payer responsible only for paying amounts not covered under the primary plan.' " *Ibid.* (quoting *Fanning, supra*, 346 *F.*3d at 389). Medicare may obtain secondary payer status, "if payment has been made, or can reasonably be expected to be made under a workmen's compensation law or plan of the United States or a State, or an automobile or liability insurance policy, or plan (including a self-insured plan), or under no fault insurance." 42 *U.S.C.A.* § 1395(y)(b)(2)(A)(ii). This provision of the MSP " 'is intended to keep the government from paying a medical bill where

it is clear an insurance company will pay instead.' " *Sipler, supra,* 881 *F.Supp.*2d at 637 (quoting *Fanning, supra,* 346 *F.*3d at 389).

The MSP further provides that "when Medicare makes a payment that a primary plan was responsible for, the payment is merely conditional and Medicare is entitled to reimbursement for it." *Fanning, supra,* 346 *F.*3d at 389 (quoting 42 *U.S.C.A.* § 1395(y)(b)(2)(B)). If reimbursement is not made, the MSP gives the government the authority to bring an action against " 'any entity which is required or responsible ... to make payment ... under a primary plan' " as well as " 'any other entity ... that has received payment from that entity.' " *Sipler, supra,* at 637 (quoting 42 *U.S.C.A.* § 1395(y)(b)(2)(B)(ii)). Beneficiaries, providers, physicians, attorneys, or State agencies, or private insurers that have received a primary payment may also be exposed to liability. 42 *C.F.R.* § 411.24.

█ The United States Supreme Court has consistently held that interpretive rules such as those in opinion letters, policy statements, and agency manuals do not require notice and comment and thus do not have the force and effect of law. *Christensen v. Harris County,* 529 *U.S.* 576, 587, 120 *S.Ct.* 1655, 1662, 146 *L.Ed.*2d 621, 631 (2000); *see also Shalala v. Guernsey Mem'l Hosp.,* 514 *U.S.* 87, 99, 115 *S.Ct.* 1232, 1239, 131 *L.Ed.*2d 106, 119 (1995). Equally well-settled is the notion that "public policy wisely encourages settlements." *McDermott v. AmClyde,* 511 *U.S.* 202, 215, 114 *S.Ct.* 1461, 1468, 128 *L.Ed.*2d 148, 160 (1994); *see also Jannarone v. W.T. Co.,* 65 *N.J.Super.* 472, 476, 168 *A.*2d 72 (App.Div.) (noting "[t]he settlement of litigation ranks high in our public policy"), *certif. denied,* 35 *N.J.* 61, 171 *A.*2d 147 (1961). Settlement agreements are encouraged as a matter of public policy "because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by ... courts." *Ehrheart v. Verizon Wireless,* 609 *F.*3d 590, 595 (3d Cir.2010) (citation omitted).

Although our New Jersey jurisprudence has not dealt squarely with this issue yet, the District Court of New Jersey was recently

presented with a similar situation involving Medicare set-asides. Specifically, in *Sipler, supra,* 881 *F.Supp.*2d at 636, the court was asked to determine whether the parties had to include language in settlement documents noting the plaintiff's obligation to Medicare, or to fashion a Medicare set-aside for future medical expenses in a personal injury case. The court, distinguishing the settlement from that of a workers' compensation case where set-asides are prudent because Medicare becomes a secondary payer, held that a set-aside was not required in the personal injury context. *Id.* at 638. Notably, the court opined: "to require personal injury settlements to specifically apportion future medical expenses would prove burdensome to the settlement process, and in turn, discourage personal injury settlements." *Ibid.*

The court bases its decision today on notions of fairness and public policy. In the present case, both plaintiffs have submitted expert reports determining the proposed set-aside amounts for future medical expenses. Both reports were submitted to CMS for review, and CMS responded that they did not have resources to review the proposed set-asides. CMS does not provide any other policy or procedure for determining the adequacy of protecting Medicare's interests for future medical expenses in conjunction with the settlement of plaintiffs' claims. In light of the foregoing, and given the letters issued to plaintiffs lack the force of law, to require plaintiffs to force their case to trial when they have reached an amicable resolution outside of court, runs contrary to New Jersey's strong public policy interests in encouraging settlements. Setting this type of precedent would cause a floodgate of litigation in our courts, resulting in expense and delay of the judicial process, where it would not otherwise be necessary. Such a result cannot be held to be in the interest of justice. Accordingly, the court finds it is necessary and appropriate to make a determination in the present matter.

The court has thoroughly reviewed the sworn testimony of plaintiffs' expert regarding the proposed set-aside amounts for future medical expenses relating to the underlying accidents/inci-

dents, which would otherwise be covered or reimbursable by Medicare. The court finds that the proposed set-aside amount in each case fairly takes Medicare's interests into account in that the figures are both reasonable and reliable. Therefore, the court is satisfied that Medicare's interests have been adequately protected pursuant to the MSP. Plaintiffs shall set aside the proposed sums in self-administered interest-bearing accounts to be used solely for the purpose of satisfying future medical expenses related to the underlying accidents/incidents.

## *Conclusion*

For all the foregoing reasons, plaintiffs' motion to enforce the settlement is granted.