NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4095-15T2

CHERYL A. GALLO,

 Plaintiff-Appellant,

v.

ROBERT A. GALLO,

 Defendant-Respondent.
—————————————————————————————-

 Submitted August 1, 2017 – Decided August 11, 2017

 Before Judges Hoffman and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 0058-16.

 W. James Mac Naughton, attorney for appellant.

 Scura, Wigfield, Heyer, Stevens & Cammarota,
 LLP, attorneys for respondent (David E. Sklar,
 on the brief).

PER CURIAM

 Plaintiff Cheryl Gallo appeals from an April 22, 2016 Law

Division order dismissing her complaint against her ex-husband,

defendant Robert Gallo. Plaintiff argues (1) defendant gave no

consideration for a promise to dismiss an earlier action with
prejudice, and (2) a previous payment did not constitute an accord

and satisfaction of a $50,000 note. After a review of plaintiff's

contentions in light of the record and applicable legal principles,

we affirm.

 I.

 On August 8, 2008, plaintiff's mother lent $50,000 to

defendant. On October 19, 2008, plaintiff's mother lent $300,000

to defendant and plaintiff. Plaintiff's mother lent defendant and

plaintiff an additional $30,000 on June 27, 2009. Plaintiff and

defendant divorced in January 2015. In their Dual Judgment of

Divorce (DJD), the parties agreed to list their property for sale.

Upon sale of the property, "the parties agree[d] to pay . . . the

monies due [to plaintiff's] mother in an amount to be agreed upon

by the parties."

 After filing a complaint against plaintiff and defendant for

the $380,000, the mother's attorney sent a letter to defendant’s

attorney, stating he would "file . . . a dismissal of this action

with prejudice provided the premises . . . is sold," and his client

"receives $286,170.14 . . . no later than close of business

September 30, 2015." The next day, on September 26, 2015,

plaintiff's mother assigned her "right, title and interest in" the

$50,000 note to plaintiff for $1.

 2 A-4095-15T2
 On September 28, 2015, plaintiff's mother received the

$286,170.14 at closing. On November 25, 2015, the trial court

dismissed the mother's complaint for lack of prosecution, pursuant

to Rule 1:13-7. On December 2, 2015, the mother's attorney filed

a stipulation of dismissal under Rule 4:37-1(a), stating she

"hereby stipulates to the dismissal of this action with prejudice."

 Plaintiff then filed her complaint against defendant based

on the $50,000 note. Defendant filed a motion to dismiss

plaintiff's complaint because plaintiff's mother had already

dismissed the claim with prejudice. The trial court agreed and

dismissed plaintiff's complaint. Plaintiff now appeals.

 II.

 "Settlement of litigation ranks high in our public policy."

Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Jannarone v.

W.T. Co., 65 N.J. Super. 472, 476 (App. Div.), certif. denied, 35

N.J. 61 (1961)). "Public policy favors the settlement of

disputes." Willingboro Mall, Ltd. v. 240/242 Franklin Ave.,

L.L.C., 215 N.J. 242, 253 (2013). In furtherance of the strong

policy of enforcing settlements, "our courts 'strain to give effect

to the terms of a settlement wherever possible.'" Brundage v.

Estate of Carambio, 195 N.J. 575, 601 (2008) (quoting Dep't of

Pub. Advocate v. N.J. Bd. of Pub. Util., 206 N.J. Super. 523, 503

(App. Div. 1994)). We therefore will honor and enforce an

 3 A-4095-15T2
agreement to settle a lawsuit in the absence of fraud or other

compelling circumstances. Pascarella v. Bruck, 190 N.J. Super.

118, 124-25 (App. Div.), certif. denied, 94 N.J. 600 (1983).

 A settlement of a legal claim between parties is a contract

like any other contract. Nolan, supra, 120 N.J. at 472. A

settlement agreement is subject to the ordinary principles of

contract law. Thompson v. City of Atlantic City, 190 N.J. 359,

379 (2007). Interpretation of a contract is a question of law.

Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med.

& Physical Therapy, 210 N.J. 597, 605 (2012). The court's ultimate

goal is to determine the intent of the parties, as expressed in

the language they used in the contract. Onderdonk v. Presbyterian

Homes of N.J., 85 N.J. 171, 183-84 (1981); Celanese Ltd. v. Essex

Cty. Improvement Auth., 404 N.J. Super. 514, 528 (App. Div. 2009).

In divining the parties' intent, we read the contract as a whole,

in "accord with justice and common sense." Cumberland Cty.

Improvement Auth. v. GSP Recycling Co., 358 N.J. Super. 484, 497

(App. Div.) (quoting Krosnowski v. Krosnowski, 22 N.J. 376, 387

(1956)), certif. denied, 177 N.J. 222 (2003).

 Plaintiff argues her mother never received consideration for

her promise to dismiss because defendant was already legally

obligated to pay the amount he did. Paragraph 29 of the DJD

states, "[T]he parties agree to pay . . . the monies due [to

 4 A-4095-15T2
plaintiff's] mother in an amount to be agreed upon by the parties,"

but the DJD never established how much the couple would pay

plaintiff's mother. The mother's attorney and defendant's

attorney exchanged letters disputing the amounts owed, and they

eventually settled on $286,170.14, which she received. We cannot

conclude plaintiff's mother never received consideration without

rendering all settlement agreements unenforceable as a matter of

law — an absurdity clearly against public policy. See Nolan,

supra, 120 N.J. at 472.

 Plaintiff only raised the issue of accord and satisfaction

on appeal. We address issues raised for the first time on appeal

only when they are "of sufficient public concern." State v.

Churchdale Leasing, Inc., 115 N.J. 83, 100 (1989). Plaintiff's

mother sued plaintiff and defendant for $380,000. Through her

attorney, plaintiff's mother communicated a settlement offer to

the parties, then attempted to assign part of her claim to

plaintiff for $1 before receiving the agreed-upon payment, and

then dismissed her complaint with prejudice. Plaintiff contends

defendant still owes the assigned claim, but we discern no public

interest in this issue.

 Affirmed.

 5 A-4095-15T2