**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0969-17T1

LIBERAL FINANCE SERVICE,

 Plaintiff-Respondent,

v.

GABRIEL HORACE,

 Defendant-Appellant.

_____

    Submitted September 18, 2018 – Decided October 2, 2018

    Before Judges Suter and Firko.

    On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-000026-17.

    Denbeaux & Denbeaux, attorneys for appellant (Joshua W. Denbeaux, on the briefs).

    Randolph Walzer & Associates LLC, attorneys for respondent (Randolph Walzer, on the brief).

PER CURIAM

 Defendant appeals from two orders denying his motions to vacate judgment and reconsideration. For the following reasons, we affirm.

I.

Plaintiff filed a complaint against defendant after he defaulted on an installment sales contract to purchase a vehicle. The parties entered into a settlement and defendant agreed to pay $200 per month until the balance was paid. Plaintiff agreed not to enforce the judgment as long as payments were made. Counsel for plaintiff memorialized the settlement terms in a letter which stated that plaintiff "[does] intend to take a [J]udgment against [defendant] . . . ." and that the $200 monthly payments would be made directly to plaintiff's counsel. No answer was filed.

After making payments for several months, defendant defaulted and plaintiff proceeded to obtain a default judgment, which was enforced by way of wage garnishment.[1] Plaintiff denies it refused payments, as alleged by defendant.

Thereafter, defendant moved to vacate the default judgment and for leave to file an answer, affirmative defenses, counterclaims, and a third-party complaint, which was denied. The judge found that "defendant admitted that he owed the money and there is no basis to vacate the judgment pursuant to Rule 4:50-1." In clarifying his prior order, the judge also found that "[d]efendant

_____

[1] According to plaintiff, the balance due was less than $1,000.

A-0969-17T1

agreed to the entry of judgment and to pay $200 a month until the judgment was paid and he cannot now change his mind." This appeal followed.

## II.

Defendant presents the following arguments in this appeal:

    I.    THE COURT BELOW ERRED IN REFUSING TO VACATE THE JUDGMENT OF DEFAULT BECAUSE THE JUDGMENT WAS ENTERED IN VIOLATION OF THE CLEAR LANGUAGE OF THE SUMMONS, THE DEFENDANT WAS NOT IN DEFAULT AND BECAUSE THE DEFENDANT MET ALL THE CONDITIONS OF R. 4:50-1[.]

    a.    [R.] 4:50-1(a) - DEFENDANT GABRIEL HORACE COMPLIED WITH THE INSTRUCTIONS IN THE SUMMONS FROM THE COURT AND SHOULD NOT HAVE BEEN DEFAULTED BY THE COURT WHICH HAD NOT BEEN MADE AWARE OF THE SETTLEMENT AT THE TIME OF THE JUDGMENT BY DEFAULT[.]

    b.    R. 4:50-1(e) [-] THE CASE WAS SETTLED BEFORE AN ANSWER WAS DUE TO HAVE BEEN FILED BY DEFENDANT HORACE AND THE CONTINUATION OF THE JUDGMENT AFTER SUFFICIENT NOTICE OF THE SETTLEMENT WAS PROVIDED TO THE COURT [IS] INEQUITABLE[.]

    c.    R. 4:50-1(f) [-] IF THE COURT CONCLUDES THAT NO SPECIFICALLY ENUMERATED SUBSECTION OF [R.] 4:50-1

3

APPLIES, THE COURT SHOULD VACATE THE JUDGMENT PURSUANT TO SUBSECTION (f) AS THE PLAINTIFF AND NOT DEFENDANT IS IN BREACH OF THE SETTLEMENT AGREEMENT[.]

d.    THE COURT BELOW ERRED IN CONCLUDING THAT [DEFENDANT] LACKED A MERITORIOUS DEFENSE TO THE COMPLAINT[.]

e.    [R.] 4:30A – UNLESS THIS COURT VACATES FINAL JUDGMENT, THE ENTIRE CONTROVERSY DOCTRINE WILL INSULATE FROM LIABILITY THE SELLER OF THE AUTOMOBILE AND PERMITTING THIS [JUDGMENT] TO STAND WOULD PERVERT THE PURPOSE OF THE ENTIRE CONTROVERSY DOCTRINE[.]

We note that defendant does not seek to invalidate the settlement agreement. Indeed, he initially made payments, thereby ratifying the settlement terms. He now seeks to reverse course and defend the action.

Defendant argues that plaintiff was remiss by not dismissing the complaint or notifying the court that the matter was settled. He further contends that he "complied" with the instructions set forth in the summons, and therefore, the trial judge wrongfully allowed default and default judgment to enter. We disagree.

The summons provided as follows:

4

IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIV[E]D BY THE COURT ABOVE, ON OR BEFORE 02/14/2017, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:

1.     Answer the Complaint […]

2.     Resolve the Dispute.  Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute.  The plaintiff may agree to accept payment arrangements.  If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before 02/14/2017.

Prior to the deadline, defendant called plaintiff's counsel, spoke to a paralegal, and voluntarily reached a settlement.  The terms were clearly set forth in a letter prepared by the firm which stated:

Thank you for telephoning our office on 13 February 2017, and for speaking with Cathy Baatz, a paralegal in our office.  You have reported that you have now been served with the Summons and Complaint in the captioned matter.  As you were advised, we do intend to take a [J]udgment against you, a [J]udgment being the [C]ourt's determination that money is owed.  You have admitted that you do, in fact, owe this money.

Now, you have promised to forward regular payments of $200[.00] each month directly to our office commencing 23 February 2017.  Please note the money must be in our office by the 23rd or you will call our office and do a check by phone payment on that date.

5                                          A-0969-17T1

There is a fee of $7.95 for this service until such time as the entire [J]udgment has been satisfied. Each of these payments must be forwarded regularly and promptly as promised.

All payments should be made payable to "Randolph Walzer, Esq." and forwarded directly to this office in one of the enclosed self-addressed envelopes. If you have any questions, please do not hesitate to telephone this office.

## III.

We are cognizant of the strong and longstanding social values that favor the settlement of litigation. "[T]he settlement of litigation ranks high in our public policy." Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008) (quoting Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961)). Settlements provide a measure of repose and finality to disputes that would otherwise persist and burden the litigants and our court system if they were not amicably resolved. A settlement of a legal claim between parties is a contract like any other contract, "which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974)). We will not interfere with a trial judge's factual findings and conclusions concerning a

6

settlement agreement that are amply supported by the record.  Lahue v. Pio Costa, 263 N.J. Super. 575, 597 (App. Div. 1993).

We disagree with defendant that the failure of the parties to notify the court of the settlement agreement serves as a basis to vitiate its terms.  This would contravene this State's longstanding public policy of valuing the settlement of litigation.  We "strain to give effect to the terms of a settlement whenever possible."  Brundage, 195 N.J. at 601 (quoting Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util., 206 N.J. Super. 523, 528 (App. Div. 1985)).

In sum, we are convinced that this settlement was voluntarily entered into and was properly enforced by the trial judge.

To the extent we have not addressed defendant's remaining arguments, we find them without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0969-17T1