**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4304-18T2

AAR RESTORATIONS,
INC., d/b/a AMERICAN
ARCHITECTURAL
RESTORATION,

     Plaintiff-Respondent,

v.

MARK DONNELLY & SON
CONSTRUCTION, LLC,

     Defendant-Appellant.[1]

_____

Submitted May 12, 2020 – Decided May 26, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-7792-16.

---

[1] Numerous submissions, including the notice of appeal, the initial brief, and the reply brief identify the appellant as Mark Donnelly & Son Construction, LLC. We assume, however, from the content of those submissions that Mark Donnelly, in his individual capacity, is the true appellant and that counsel, while identifying himself in the numerous submissions as counsel for the LLC, appears only on behalf of Donnelly, since the arguments focus on the judgment against Donnelly, not the LLC.

Abrahamsengrant, LLC, attorneys for appellant (Richard J. Abrahamsen, on the brief).

PinilisHalpern, LLP, attorneys for respondent (William J. Pinilis, on the brief).

PER CURIAM

This action started out simply enough. In 2016, plaintiff AAR Restoration, Inc. (plaintiff) filed a complaint against only one defendant – Mark Donnelly & Son Construction, LLC (the LLC) – seeking damages arising from the LLC's performance of a construction contract. While in court for a conference in August 2018, the parties reached an amicable resolution, and counsel then placed what they described as their "somewhat preliminary" agreement on the record with the understanding that their oral description would "be followed by a written settlement agreement."

As described in open court, the settlement called for the LLC's payment to plaintiff of $50,000, at the rate of $10,000 per year, with the first installment due on September 1, 2018. They agreed that any default would be followed by "notice and a grace period of five days" and, absent a cure of the default, plaintiff would have the right "to apply to the [c]ourt, ex parte, for the entry of judgment . . . in the total amount of the claim, which is $100,000." In open court, counsel mentioned as well that plaintiff promised additional work for the LLC, and that

2

"the settlement is going to be personally guaranteed by the princip[al] of the defendant," ostensibly meaning Mark Donnelly.

The parties' representatives – including Mark Donnelly – were in court as this oral understanding was placed on the record; in fact, plaintiff's counsel advised the court that "the parties [reached the settlement] themselves, without really much participation from counsel." The LLC's attorney acknowledged that his counterpart's description of the settlement constituted "the framework." And both principals testified briefly that they had indeed agreed to settle their disputes and that the attorneys' oral description was accurate.

Soon after, the parties filed a pleading entitled "settlement agreement and mutual releases." That document departed in some respects from the understanding orally described in open court. Instead of September 1, 2018, the first $10,000 payment was scheduled for thirty days later. The document's third paragraph required plaintiff, upon a default, to give "written notice" to "counsel for the [d]efendant" and, absent a cure within ten days, plaintiff could seek a judgment. But, instead of the $100,000 to which plaintiff would be entitled on default as orally agreed, the written agreement permitted plaintiff to apply only for a $75,000 judgment. This third paragraph included an agreement that "any defaulting party shall be liable for all reasonable attorneys' fees incurred . . . in

3

an effort to enforce the terms of this [a]greement," another term not mentioned when the settlement was described in open court.

The parties expressed in the fourth paragraph – with emphasis – that the writing "constitute[d] the <u>entire</u> agreement among parties named herein."  That paragraph also declared that "this agreement shall replace all previous written or <u>oral</u> negotiations, <u>commitments</u> and writings" (emphasis added).

The tenth paragraph, entitled "personal guarantees," states that:

> Mark Donnelly & Son Construction, LLC have [sic] agreed to personally guarantee full and timely payment of the Settlement Agreement and all payments required under this Agreement.  Any judgment entered pursuant to Paragraph 3 above shall be entered against Mark Donnelly & Son Construction, LLC.

While the document is signed by Mark Donnelly "individually and for [the LLC]," neither the tenth paragraph nor any other part of the written document contained an agreement by Donnelly to personally guarantee the LLC's performance of the settlement agreement.

When the LLC failed to make the first payment, plaintiff's counsel served notice on the LLC's counsel.  When the default wasn't cured, plaintiff filed a motion, on notice to the LLC's attorney, seeking entry of a judgment against both the LLC and Donnelly.  Such a judgment was entered on November 9, 2018; it included a provision which allowed plaintiff to apply for counsel fees

4

based on the parties' agreement that the prevailing party would be entitled to reasonable counsel fees. Donnelly filed a pro se motion to vacate the default judgment. Plaintiff's counsel responded that the motion was filed in the wrong court and apparently the court agreed, since it appears the motion was never decided.

Plaintiff later moved for an order in aid of its efforts to execute on the judgment, seeking, among other things, an order compelling Donnelly to comply with an information subpoena. In response, Donnelly – through counsel – cross-moved to vacate the judgment. Despite plaintiff's counsel's acknowledgement that the written agreement's personal guarantee provision did not impose such an obligation on Donnelly, the judge apparently – and without an evidentiary hearing – determined that the agreement counsel described previously in open court superseded whatever the parties expressed in their written agreement, even though the written agreement stated that it superseded all prior "oral . . . commitments."

Donnelly appeals,[2] arguing the judge erred in denying his motion to vacate the judgment against him, first, because the process employed by plaintiff violated the written settlement agreement and deprived him of due process.

---

[2] See n.1, above.

A-4304-18T2

Donnelly also contends that the judge erred in enforcing the oral description of the settlement agreement rather than the written agreement, which by its very terms negated the relevance of the previous oral description of the agreement. We agree that the judge erred in determining on this record that Donnelly had agreed to personally guarantee the LLC's performance of the settlement agreement.

First, let's get out of the way the rubric that the settlement of lawsuits "ranks high in our public policy." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961)). That is certainly true but not particularly relevant here. No one questions that the parties settled the disputes pleaded in the complaint. The question that was before the trial court – and now before us – concerns only the terms of their settlement agreement.

Settlement agreements are to be treated and enforced like any other contract. See Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008) (declaring that "[a]n agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts," quoting Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App.

Div. 1983)). On being asked to enforce or provide a remedy for a party's breach, a court must first ascertain whether the contract permits the relief sought. When the parties announced to the trial judge that they had resolved their differences, they concededly placed on the record only generalities and some material terms, all the while recognizing the need for a written contract. Indeed, the contract drafted by plaintiff's counsel declared that it superseded all prior "oral . . . commitments."

That written contract, as plaintiff recognized during oral argument on the motion to vacate, lacks a promise by Donnelly to personally guarantee the LLC's performance, and did not provide a mechanism – like it did for the LLC – by which plaintiff might seek relief against Donnelly short of filing and serving a summons and complaint against him. So, we agree with Donnelly that a judgment could not be entered against him in the manner that occurred here. He was never served with process and, despite his awareness of the proceedings against the LLC, the written settlement agreement – which expressly constitutes the parties' "entire" agreement – does not provide a shortcut for entry of judgment against Donnelly individually. For that reason alone, we reverse the denial of Donnelly's motion to vacate the default judgment.

The parties' settlement agreement also lacks Donnelly's personal guarantee of the LLC's performance. Plaintiff, in fact, acknowledges this, claiming its absence was an oversight. Because such an obligation may have originally been intended – as suggested by the oral understanding placed on the record – it may be that plaintiff has a viable claim for reformation of the written settlement agreement. We neither offer nor intimate any view of whether plaintiff is entitled to reformation; we conclude only that such relief could not be granted in an action in which the party against whom that relief was sought – Donnelly, individually – was not properly served or notified. Nor could reformation be granted in light of the stark conflicts between the oral description of the parties' agreement and the formal contract, without an evidentiary hearing.

Because we conclude that the process adopted to obtain a judgment against Donnelly was flawed, and because the question the judge actually if only implicitly resolved – whether the written agreement requires reformation – was fact-sensitive and could not be determined without an evidentiary hearing, we reverse the order denying Donnelly's motion to vacate, and we direct the entry of an order vacating the judgment insofar as it awarded relief against him.[3]

---

[3] No argument has been made to suggest any error in the entry of the judgment against the LLC.

Indeed, because Donnelly was never named as a party and never served with process, and because a claim for reformation of the contract – assuming the parties truly intended to render Donnelly liable for the LLC's performance of the settlement agreement and assuming that intention was merely left out due to a mutual mistake – exceeds the boundaries of the settled action, we conclude that any claim for relief against Donnelly must proceed by way of a separate suit.

Reversed and remanded for entry of an order in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4304-18T2