**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1406-23

TROOPER I JASON DARE,

    Appellant,

v.

NEW JERSEY STATE POLICE,

    Respondent.

_____

          Submitted June 3, 2025 – Decided August 14, 2025

          Before Judges Gilson and Augostini.

          On appeal from the New Jersey Division of State
          Police.

          Chance & McCann, LLC, attorneys for appellant
          (Kevin P. McCann, on the brief).

          Matthew J. Platkin, Attorney General, attorney for
          respondent (Donna Arons, Assistant Attorney General,
          of counsel; Gary W. Baldwin, Deputy Attorney
          General, on the brief).

PER CURIAM

Appellant Jason Dare, a former trooper who had been employed by respondent New Jersey State Police (NJSP), appeals from the November 27, 2023 administrative agency decision of the NJSP Superintendent summarily dismissing him for violating a negotiated "Last Chance Plea Agreement" (LCPA). Discerning nothing arbitrary, capricious, or unreasonable in the decision to dismiss Dare, we affirm.

I.

We derive the following facts from the administrative record. Dare served as a trooper for approximately twenty years. While employed with the NJSP, Dare had been served with administrative charges for disciplinary infractions concerning three separate incidents that occurred in 2015, 2016 and 2017. In 2015, while off duty, Dare had been involved in a motor vehicle accident when his vehicle struck two parked vehicles, and he left the scene without notifying law enforcement. He was issued three motor vehicle summons and pled guilty in municipal court. Dare was also charged with disciplinary infractions for violating the Rules and Regulations of the NJSP.

In 2016, again while off duty, Dare had been arrested for driving while intoxicated (DWI) because of his involvement in a hit and run motor vehicle collision. Dare was later stopped and arrested. He was also charged with

leaving the scene of a motor vehicle accident, failure to report a motor vehicle accident, and reckless driving. Dare pled guilty to DWI, and his driving privileges were suspended for three months. The NJSP also issued disciplinary charges against Dare.

In 2017, while off duty, Dare sent inappropriate text messages, causing alarm to his former spouse. Dare then sent inappropriate text messages to a friend, a Pleasantville police officer, requesting information on acquiring an untraceable firearm. The NJSP issued disciplinary charges against Dare.

As a result of this conduct, on June 7, 2018, Dare, with the assistance of counsel, entered a voluntary guilty plea to all disciplinary charges and negotiated an LCPA. The LCPA resolved the charges stemming from the three separate incidents in 2015, 2016 and 2017. Dare agreed to a 528-day suspension without pay, as well as other conditions. The LCPA provided, in relevant part:

> The agreement shall be considered a "Last Chance Agreement." Should any new allegation of misconduct be substantiated against you which is deemed by the Superintendent to be significant enough to warrant your termination, you will be subject to Summary Dismissal from the Division.

In March 2023, Dare suffered a mental health event while performing his duties at work and, as a result, was suspended. He entered a mental health facility

in Pennsylvania.  On March 19, 2023, Dare left the facility and failed to notify the NJSP's compliance unit as required.  The facility reported Dare missing.

On March 24, 2023, Dare was found at a nearby residence.  The NJSP brought new disciplinary charges against Dare resulting from this incident.  On April 6, 2023, Dare was suspended with pay "until the Superintendent acts to modify the suspension."  In the April 6, 2023 notice of suspension, the NJSP detailed the reason for Dare's suspension, explaining that Dare "voluntarily departed" from the mental health facility and "failed to contact the Compliance Unit as required . . . ."  Further, Dare had been "observed . . . walking around inside" a carriage house without the owner's permission.  The police intended to charge Dare with burglary and criminal trespassing; however, the homeowners declined to press charges.

Dare later agreed to be admitted to a hospital in Princeton, where he remained from March 24, 2023 to April 13, 2023.  Over the course of the next year, Dare continued to receive psychiatric care at various facilities.

On April 6, 2023, counsel for Dare signed the notice of suspension on Dare's behalf.  On this notice, Dare was advised:

> You may request a hearing, at which time formal notice of suspension and the factual basis for the suspension shall be provided.  Such hearing, if requested, shall take place now.  Do you wish to have such a hearing?

4

The answer "no" was handwritten in response to the question as to whether Dare wished to have a hearing.

On November 27, 2023, the NJSP Superintendent dismissed Dare from employment, explaining that "the Division ha[d] obtained sufficient information which prove[d] [Dare] ha[d] violated the terms of a negotiated [LCPA] executed on June 7, 2018." The NJSP attempted to schedule a Loudermill[1] hearing for Dare, but because he was in a mental health facility, he did not attend the hearing. The Loudermill hearing was conducted in Dare's absence, and the charges against him were sustained. Dare was therefore dismissed from his employment with the NJSP. This appeal followed.

## II.

Before us, Dare contends the matter should be remanded to the Office of Administrative Law (OAL) for a full hearing, particularly because he was deprived of an opportunity to respond to the charges against him when the Loudermill hearing was conducted in his absence. The NJSP counters that the Superintendent properly enforced the terms of the LCPA's summary dismissal provision, and the final agency decision was not arbitrary, capricious, or

---

[1] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) (holding due process requires a pretermination hearing to address charges affecting certain civil servants' interests in employment).

A-1406-23

unreasonable. Therefore, the NJSP urges us to affirm its determination because the Superintendent exercised his authority under the 2018 LCPA and properly terminated Dare's employment.

Our role in reviewing administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). We should not "disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees, 194 N.J. 413, 422 (2008).

However, we are not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93 (1973). We review legal determinations de novo. C.L. v. Div. of Med. Assistance & Health Servs., 473 N.J. Super. 591, 598 (App. Div. 2022) (quoting L.A. v. Bd. of Educ. of Trenton, Mercer Cnty., 221 N.J. 192, 204 (2015)).

We begin by recognizing that the LCPA is an agreement the parties voluntarily entered to resolve the pending disciplinary charges against Dare, and therefore, it is a contract governed by basic contract principles. J.B. v. W.B.,

215 N.J. 305, 326 (2013). "[A]ll contracts . . . freely entered into . . . absent a demonstration of fraud or other compelling circumstances, should [be] honor[ed] and enforce[d] as [are] other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (citation and internal quotation marks omitted). A court must seek to discern the intent of the parties and not rewrite or revise an agreement when the parties' intent is clear. Quinn v. Quinn, 225 N.J. 34, 45 (2016). Because "settlement of litigation ranks high in our public policy," Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961), a court must strive to honor a settlement agreement, "absent a demonstration of 'fraud or other compelling circumstances,'" Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Pascarella, 190 N.J. Super. at 125).

Here, there is no dispute that the LCPA is an enforceable contract that the parties entered into freely and with the assistance of counsel. The parties agreed that Dare would have one last chance to avoid dismissal upon the condition that "[s]hould any new allegation of misconduct be substantiated against [Dare] which is deemed by the Superintendent to be significant enough to warrant [his] termination," Dare would be summarily dismissed from the NJSP. The LCPA set forth two requirements before Dare could be summarily dismissed: (1) evidence of a substantiated allegation of misconduct committed by Dare, and (2)

a determination by the Superintendent that the misconduct was significant enough to warrant dismissal. By providing for summary dismissal upon satisfaction of these two conditions, the parties intended to streamline the process for Dare's dismissal if there was a new, substantiated allegation of misconduct and that allegation was deemed sufficient to warrant dismissal.

Dare contends the matter should be remanded for a full evidentiary hearing because there are genuine issues of material fact related to whether he violated the LCPA and whether his conduct was significant enough to warrant termination. He further asserts that a hearing is required because he was unable to participate in his Loudermill hearing.

The April 6, 2023 notice of suspension, which preceded the notice of termination and formed the basis of both Dare's suspension and termination, contains detailed factual assertions and justification for the NJSP's ultimate termination decision. Moreover, because the substantial evidence in the record supports the Superintendent's ultimate decision, we discern no error in the NJSP's decision.

As detailed in the April 6, 2023 notice of suspension, Dare's conduct violated requirements of the Standing Operating Procedures, and Dare's conduct could have resulted in serious criminal charges being filed against him for

unlawfully entering the premises of a homeowner. As further stated in the April 6, 2023 notice, this conduct was deemed "detrimental to the good order of the Division, and [] in violation of the Division's Rules and Regulations." Therefore, given the new substantiated allegations of misconduct, which the Superintendent deemed "substantial," we are satisfied the NJSP did not act arbitrarily, capriciously, or unreasonably in summarily dismissing Dare pursuant to the terms of the LCPA.

Dare also contends that because he was hospitalized and not in attendance at the Loudermill hearing, he is entitled to a full evidentiary hearing before the OAL. Contrary to Dare's contention, even though he was not present for the Loudermill hearing, he is not now entitled to a "full and complete" plenary hearing before the OAL because he voluntarily agreed to summary dismissal. To hold otherwise would be tantamount to rewriting the parties' contract. We conclude that Dare waived his right to an evidentiary hearing under the terms of the LCPA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1406-23